|    |     |
|----|-----|
| 50 | 381 |
| 77 | 508 |
| 50 | 381 |
| 91 | 591 |

KELLEY, Administrator, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

*October 15 — November 10, 1880.*

NEGLIGENCE. *(1) Court and jury.*
PLEADING. *(2) Averments held sufficient to show pecuniary damage to child from injuries causing death of father.*

1. In an action for injuries to plaintiff's decedent, causing his death, the complaint alleges that it was the duty of the deceased, as an employee of the defendant company, to take care of its cars in a certain yard; and it then alleges, in substance, that, seeing an unattended car upon a track in such yard, approaching another car so that it would collide with the latter unless it was arrested, the deceased, in order to prevent such collision, and "without fault or negligence on his part," undertook to climb upon the top of the approaching car, by an outside ladder thereon; and that while he was so climbing the two cars collided, causing the injury. *Held*, on demurrer, that *the court* cannot on these averments determine that the deceased was guilty of negligence.

2. Averments which show that the deceased was a laboring man, working for defendant (without alleging that he was receiving any compensation for his labor), and that he left no widow, but left a child three years old, *held*, on demurrer, to show sufficiently that such child suffered *pecuniary damage* by the father's death.

APPEAL from the County Court of *Milwaukee* County.

Defendant appealed from an order overruling its demurrer to the complaint. The case is thus stated by Mr. Justice TAYLOR:

"The complaint is intended to set forth a cause of action for negligently killing or causing the death of John Larkin, of whom the respondent is the personal representative. The complaint sets out the appointment of the respondent as the administrator of John Larkin, deceased, and alleges that he left no widow surviving him, but that he left one child, his only lineal descendant, of the age of three years. It then sets out the killing of the said John Larkin, while in the employ of the appellant company, and facts which, it is claimed on the part of the respondent, clearly show that his death was caused by the negligence of the company, or its employees other than the deceased; and it concludes by claiming damages against the company for the sum of $5,000, pursuant to the statute in such case made and provided."

There was a brief for the appellant by *Melbert B. Cary*, and oral argument by *D. S. Wegg*.

For the respondent there was a brief by *Murphey & Goodwin* and *J. M. Connolly*, and oral argument by *Mr. Connolly*.

For the appellant it was contended: 1. The complaint shows that plaintiff's intestate was guilty of contributory negligence, and deliberately assumed the risk which caused his death. He made a gross mistake in turning the switch to send the first car upon a different track. He might have stopped it in the way in which he attempted to stop the second car, and thus have averted all danger of collision either with the engine or the second car. He turned the switch without looking up along the track to see whether another car was not coming down. If he had looked he must have seen this car, because it was then almost upon him. Knowing the foolhardiness of the attempt to climb upon the second car at this time, he

assumed the risk, and, as might reasonably have been expected, was crushed between the two cars a moment afterward. Having assumed the risk upon his own responsibility, he must suffer the consequences. The defendant company cannot be held liable for the failure of an experiment of this kind, no lives being at stake. *Eckert v. R. R. Co.*, 43 N. Y., 502; *Kearney v. R'y Co.*, 47 Wis., 144. 2. The complaint shows that the decedent's own act, and not the alleged negligent manner in which the cars were sent out from the elevator, was the *proximate* cause of the injury. 3. There is no allegation that anyone has been damaged in any sum whatever by reason of the death of plaintiff's intestate. For all that appears on the face of the complaint, the deceased had neglected to provide in any manner for the support of his child; and if so, the company is not liable in this action. Actual pecuniary loss must be averred in the pleading in order to be proven upon the trial. *C. & R. I. R. R. Co. v. Morris*, 26 Ill., 400; *Safford v. Drew*, 3 Duer, 627; *Quincy Coal Co. v. Hood*, 77 Ill., 68; *Blake v. Midland R'y Co.*, 10 L. & Eq. Rep., 439; *Woodward v. R'y Co.*, 23 Wis., 400, 406.

For the respondent it was argued, *inter alia*, that the question of negligence will not be taken from the jury unless the facts are free from every doubt. *Barstow v. Berlin*, 34 Wis., 357; *Roberts v. Railway Co.*, 35 id., 679; *Ditberner v. Railway Co.*, 47 id., 139; *Bessex v. Railway Co.*, 45 id., 477; *Schultz v. Railway Co.*, 44 id., 639. In this case it cannot be said to be free from doubt that the deceased was guilty of negligence in switching the first car to avoid its collision with the engine. It was his duty to do this, and he performed it as carefully as any man could. *Schultz v. Railway Co.*, *supra; Cottrill v. Railway Co.*, 47 Wis., 634. Nor was he guilty of negligence in boarding the second car, unexpectedly set loose, his object being to prevent a collision. Nor can it be said that either the company or its servants were free from negligence in turning the cars loose on the tracks in the grossly

careless manner alleged in the complaint. Under the allega-
tions of the complaint, proof of all the surrounding circum-
stances could be given. Facts constituting negligence in one
case might not be so construed in another. The company
might be guilty of gross carelessness, which would be the
same as a wilful act; the deceased might have been guilty of
contributory negligence, but not of a kind or degree to bar
his recovery. 47 Pa. St., 305; *U. S. v. Taylor*, 5 McLean,
242; *G. & C. U. R. R. Co. v. Yarwood*, 17 Ill., 509; *G. & C.
U. R. R. Co. v. Dill*, 22 id., 264; 73 Ill., 236; 58 id., 272;
*Cottrill v. R. W. Co., supra*.

TAYLOR, J. The learned counsel for the appellant allege
two reasons why, in their opinion, the complaint does not
state a cause of action, and why the court below should have
sustained the demurrer: *first*, because the facts set out in the
complaint conclusively show that the death of the intestate
was the result of his own carelessness, and not of the care-
lessness or negligence of the company or its other employees;
and *second*, because the facts stated do not show that the sur-
viving infant son of the deceased has suffered any pecuniary
damage by reason of his father's death.

It is alleged in the complaint that the company, or its ser-
vants, negligently permitted two cars to run upon a down grade
in the yard where the deceased was at work, without any one
in charge of the same; that, in order to prevent one of
them from colliding with a switch engine, the deceased turned
a switch to divert the car from the track upon which the
engine was standing; that, immediately after turning the
same, he discovered another unattended car approaching, which
would, unless arrested in its course, collide with the first car;
and that, in order to prevent such last collision, the deceased,
"without fault or negligence on his part, undertook to climb
upon the top of said car so approaching, by a ladder fixed upon
the outside of the car for that purpose, in order to set the

brake thereon, and thus prevent a collision and destruction of property; and before he was able to do so, and before he had reached the top of said car, and while [he was] climbing up said ladder, the two cars came together, and caught and squeezed him between the sides of the same, causing his death." In another part of the complaint it is alleged that it was the duty of the deceased to take care of the company's cars in said yard.

It is insisted by the learned counsel for the appellants, that, as it appears from the allegations that the collision took place before the deceased reached the top of the car, it must be presumed that the cars were so near each other, at the time he made the attempt, that it was recklessness on the part of the deceased to make such attempt. We do not think the allegations in the complaint necessarily show that the deceased was guilty of negligence which contributed to his death, and the demurrer was properly overruled upon this point. The allegation of the complaint is, that he attempted to get upon the car without fault or negligence on his part, and this allegation must be deemed true, unless the further allegations as to the injury clearly show the falsity of the allegation of the absence of fault or negligence on his part. Upon the trial of the action, plaintiff may be able to satisfy the jury that there was no negligence on the part of the deceased in attempting to get on board the car and set the brakes, for the purpose of preventing the destruction of the property of the company. It was clearly the duty of the deceased to do so in the course of his employment, if he could without greatly endangering his life, or putting himself in imminent danger of other personal injury.

The question of negligence of either party to a litigation, when such negligence is the ground of recovery for an injury caused thereby, is generally a question of fact for the jury, and seldom becomes a question of law for the court. When all the facts upon which the negligence is predicated are un-

disputed, and such facts show a clear case of negligence, this court has held that the court is bound to act upon such facts and pronounce as a matter of law that negligence is proven; but when there is a dispute as to the facts, or when the facts leave any reasonable doubt upon the mind whether they show negligence, the question must be submitted to the jury as a question of fact for their determination. The only fact alleged in the complaint, upon which negligence on the part of the deceased can be predicated, is the fact that before he was able to reach the top of the car the collision took place. We do not think this allegation so inconsistent with the other allegation, that he was not in fault or negligent, as to justify the court in holding that such last allegation was false, and that the deceased was clearly guilty of negligence in attempting to get on top of the car. It is evident, from the facts alleged in the complaint, that the circumstances were such as called for immediate and prompt action on the part of the deceased; and if he misjudged as to the speed with which the cars were approaching each other, or as to the distance they were apart, or if it could be shown upon the trial that he was hindered in getting to the top of the car by the occurrence of anything which he was not bound to anticipate, a jury or court might very properly say that under the circumstances he was not negligent.

We think the learned counsel are also mistaken in insisting that the complaint does not state facts which show that any damages have resulted to the infant son of the deceased. In a case of this kind, the damages which the representative of the deceased may recover are not damages which the administrator has suffered as the representative of the deceased; but it is the damage which the surviving husband, wife, father, mother, children or next of kin have sustained by reason of the death of the deceased. This is evident from the concluding clause of section 4256, R. S. 1878: "And in every such action the jury may give such damages, not exceeding $5,000, as they shall

Kelley, Adm'r, vs. The Chicago, Milwaukee & St. Paul R'y Co.

deem fair and just, in reference to the pecuniary injury resulting from such death to the relatives of the deceased specified in this section." This complaint alleges that the deceased left no widow, but did leave one child, his lineal descendant, of the age of about three years. It also shows that the deceased father was a laboring man, working for the defendant; and, although it does not allege that he was receiving any compensation for his labor, we think the court may reasonably presume that he was receiving wages. Neither the age, condition nor other circumstances of the deceased are stated in the complaint.

We think there can be no doubt that the facts stated sufficiently show that the infant child of the deceased suffered pecuniary damage by his death, and that, without the proof of any other facts than those alleged in the complaint, the plaintiff would be entitled to a verdict for damages. It is not necessary to determine what facts might be proved under the allegations of this complaint, which are not specifically alleged, for the purpose of enhancing the damages. It is sufficient for the purpose of this demurrer, that, upon the proof of the facts alleged, the plaintiff would be entitled to some damages. The law imposes upon the father the duty of supporting and educating his minor child if he have the ability to do so. And, as the complaint alleges that the father was engaged earning money, as we must presume from the facts alleged, it sufficiently appears that he had the means, to some extent, of providing for such support and maintenance. To the extent, therefore, of such support and maintenance, the child necessarily suffered pecuniary loss by the death of the father. It is also unnecessary to determine, in this case, whether a complaint, in an action of this nature, which did not show that some one or more of the surviving relatives of the deceased, for whose benefit the action is given by the statute, had suffered some pecuniary damage, could be sustained for the recovery of merely nominal damages as distinguished from

actual damages. Some of the cases cited by the learned counsel for the appellant would seem to indicate that an action might be maintained for merely nominal damages. *Blake v. R. R. Co.*, 10 Eng. L. & E., 441, 442; *Quincy Coal Co. v. Hood, Adm'r*, 77 Ill., 73. The contrary doctrine was held in the cases of *Safford v. Drew*, 3 Duer, 641; *Duckworth v. Johnson*, 4 Hurl. & Nor., 653–657.

On both points we think the demurrer was properly overruled.

*By the Court.* — The order of the county court is affirmed, and the cause remanded for further proceedings according to law.