[Sac. No. 963.   Department One.—October 2, 1902.]

## J. C. WEBSTER, Administrator, etc., Appellant, v. NORWEGIAN MINING COMPANY, Respondent.

ACTION FOR DEATH—STATUTORY RIGHT—POWER OF ADMINISTRATOR—TRUSTEESHIP FOR HEIRS—PLEADING.—An action for death is entirely statutory, and an administrator has power to bring such an action only as the statutory trustee for heirs to recover damages which they have suffered; and where the complaint by an administrator does not allege the existence of heirs, it states no cause of action for damages, and is fatally defective.

APPEAL from a judgment of the Superior Court of Tuolumne County.   G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

E. W. Holland, for Appellant.

C. H. Wilson, for Respondent.

GAROUTTE, J.—The administrator of the estate of Walton Smith, deceased, brings this action against defendant to recover damages for the death of said Smith, the complaint alleging that his death was occasioned by and through the negligence of defendant.   There is no allegation in the complaint to the effect that the deceased, Smith, left any heirs, and it is now claimed by defendant that the failure to make this allegation renders the pleading fatally defective.

By direct authorization of the Code of Civil Procedure (sec. 377), the administrator of an estate may bring an action to recover damages for the death of a person, and it has been so held in *Munro* v. *Pacific Coast Dredging etc. Co.*, 84 Cal. 515;[1] *Burke* v. *Arcata etc. R. R. Co.*, 125 Cal. 368.[2]   But the question is now presented, May the administrator of the estate, the personal representative of the deceased, bring the action if there are no heirs?   For in this case there being no allegation of the existence of heirs, the court is bound to assume that there are none.   The section of the code quoted declares that the action may be brought by the heirs of the deceased or his

[1] 18 Am. St. Rep. 248.          [2] 73 Am. St. Rep. 52.

personal representatives; and when the court is brought to consider the character of the action, the nature of the relief sought, and to whom the fruits of the judgment belong, it is plain the statute only means that the personal representative may bring the action when there are heirs.

The action is entirely statutory. If there were no statute there could be no action. At common law no such right of action existed. (*Burke* v. *Arcata etc. R. R. Co.,* 125 Cal. 368.[1]) The administrator has the right to bring the action because the statute says so. He is made a statutory trustee to recover. damages for the benefit of the heirs. As administrator of the estate he has no interest in the matter, for the fruits of any judgment he may recover do not belong to the estate. Those fruits pass to the heirs as statutory beneficiaries of the statutory trustee. They do not take them by way of succession. This statutory action was given for the benefit of the heirs of the deceased, and for no other purpose. It was enacted in order that they might compensate themselves for pecuniary injury suffered in the loss by death of a relative, and this being so the statute necessarily contemplates that there must be heirs of a deceased. If this deceased had no heirs, then this statute does not apply, and there can be no action; for there can be no statutory trustee if there be neither trust nor beneficiary. As already suggested, the action can only be brought to recover damages suffered by the heirs. The amount of the recovery should be in proportion to the damage they have suffered, and if there be no heirs there can be no damage, for there will be no one injured by the death of the deceased.

There is a dearth of authority in this state upon the question under consideration, but in other jurisdictions the law has been repeatedly declared. In *Stafford* v. *Drew,* 3 Duer, 627, in speaking to this question, the court said: "These facts are in their nature material and issuable, and in actions like the present are therefore in my judgment just as necessary to be proved upon the trial, and consequently to be averred in the complaint, as the death of the person injured, and the wrongful act or negligence of the defendant as its primary cause." In *Serensen* v. *Northern Pacific Ry.,* 45 Fed. Rep. 407, the learned judge said: "It cannot be it was contemplated that in

---

[1] 73 Am. St. Rep. 52.

any case the personal representative might recover a judgment for injuries resulting in death and then afterwards institute an inquiry as to whether or not there was any one entitled to the amount recovered on this judgment. If it is necessary to prove on the trial there is a widow and next of kin, this fact should be alleged.''

For the foregoing reasons the judgment is affirmed.

Van Dyke, J., and Harrison, J., concurred.