[S. F. No. 2412.    Department One.—February 16, 1903.]

# MARGARET KERRIGAN, Administratrix, etc., Respondent, v. MARKET-STREET RAILWAY COMPANY, Appellant.

ACTION FOR DEATH—COMPLAINT BY ADMINISTRATRIX—HEIRSHIP.—In an action for death brought by an administratrix, a complaint which does not allege the existence of any heir, or heirs, does not state a cause of action.

ID.—MASTER AND SERVANT—ADJUSTMENT OF APPLIANCES—DUTY OF EMPLOYEES—LIABILITY OF EMPLOYER.—Where an employer had furnished ample material sufficient in kind and quality and quantity for the construction of adjustable boards and stakes, and under the terms of the employment it was the duty of the employees who loaded a car to adjust those appliances so as to secure a carload of ties and rails in place, the employer is not liable for the death of an employee arising from any defect in the construction or adjustment of such appliances by him and his fellow-servants.

ID.—QUESTIONS OF FACT—ERRONEOUS INSTRUCTION—REFUSAL OF PROPER REQUESTS.—The questions whether or not it was the duty of the employer to adjust the appliances, and whether stakes or uprights were necessary to make the car reasonably safe, were questions of fact for the jury; and it was erroneous to instruct the jury that stakes or uprights were a necessary part of the flat-car as used at the time of the death, and that they "were appliances within the rule requiring the master to furnish with reasonable care proper and adequate appliances for the purpose of carrying on the proposed work," and to refuse to give proper instructions requested by the defendant based upon evidence supporting defendant's theory of the case.

ID.—OPINION EVIDENCE—HEIGHT OF STAKE.—What would have been a proper height of stake to be used at the end of the car is not proper matter for expert opinion evidence.

ID.—SUPPORT OF PLAINTIFF—IMPROPER INSTRUCTION.—The court should not have instructed the jury that they might consider the fact that the deceased was the sole support of the plaintiff.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.    John Hunt, Judge.

The facts are stated in the opinion of the court.

P. F. Dunne, for Appellant.

The complaint is not sufficient to support the judgment, there being no averment of heirship.    (*Stewart* v. *Terre*

*Haute etc. R. R. Co.,* 103 Ind. 44; *Chicago etc. R. R. Co.* v. *Morris,* 26 Ill. 400; *Eureka* v. *Merrifield,* 53 Kan. 794; *Walker* v. *O'Connell,* 59 Kan. 306; *Walker* v. *Lake Shore etc. Ry. Co.,* 104 Mich. 606, 617; *Conant* v. *Griffin,* 48 Ill. 410, 414; *Quincy Coal Co.* v. *Hood,* 77 Ill. 68, 72; *Schwarz* v. *Judd,* 28 Minn. 371; *Safford* v. *Drew,* 3 Duer, 627, 633, 641; *Lucas* v. *New York Cent. R. R. Co.,* 21 Barb. 245-247; *Warren* v. *Englehart,* 13 Neb. 283, 287; *Dunheme* v. *Insurance Co.,* 1 Disn. 257, 259; *Westcott* v. *Central Vt. R. R. Co.,* 61 Vt. 438, 441-442; *Geroux* v. *Graves,* 62 Vt. 280-284; *Northern Pac. R. R. Co.* v. *Ellison,* 3 Wash. 225; *Woodward* v. *Chicago etc. Ry. Co.,* 23 Wis. 400, 404; *Wiltse* v. *Tilden,* 77 Wis. 152, 156; *Little Rock etc. Ry. Co.* v. *Townsend,* 41 Ark. 382, 387; *Commonwealth* v. *Eastern R. R. Co.,* 5 Gray, 473; *State* v. *Gilmore,* 24 N. H. 461, 469; *St. Louis etc. Ry. Co.* v. *Yocum,* 34 Ark. 493, 496, 497; *Barker* v. *Hannibal etc. R. R. Co.,* 91 Mo. 86.)   The deceased voluntarily assumed the risk of the manner of loading known to him.   (*Long* v. *Coronado R. R. Co.,* 96 Cal. 269, 273, 274; *Baltimore and Potomac R. R. Co.* v. *Jones,* 95 U. S. 543; *Baltimore etc. R. R. Co.* v. *Baugh,* 149 U. S. 390; *Carr* v. *Sheehan,* 81 Hun, 291; *Mansfield Coal etc. Co.* v. *McEnery,* 91 Pa. St. 185.[1])   It was the duty of the deceased and his fellow-servants to construct and adjust the stakes from the material furnished by appellant, and the appellant is not responsible for their failure or neglect. (*Burns* v. *Sennett,* 99 Cal. 363; *Callan* v. *Bull,* 113 Cal. 592; *Ross* v. *Walker,* 139 Pa. St. 42;[2] *Benn* v. *Null,* 65 Iowa, 407; *McCampbell* v. *Cunard S. S. Co.,* 144 N. Y. 552, 556; *Creegan* v. *Marston,* 126 N. Y. 568, 573;[3] *Hogan* v. *Smith,* 125 N. Y. 774; *Butler* v. *Townsend,* 126 N. Y. 107; *Kimmer* v. *Weber,* 151 N. Y. 422;[4] *Bowen* v. *Chicago etc. Ry. Co.,* 95 Mo. 277; *Lindell* v. *Woods,* 41 Minn. 212, 215; *Coal and Mining Co.* v. *Clay,* 51 Ohio St. 542; *Kelly* v. *Norcross,* 121 Mass. 509; 1 Bailey on Master and Servant, secs. 24, 32, 33, 34.)

Stafford & Stafford, for Respondent.

The existence of heirs is to be presumed.   (*University* v. *Harrison,* 90 N. C. 385, 388; *Harvey* v. *Thornton,* 14 Ill. 217;

---

[1] 36 Am. Rep. 662.

[2] 23 Am. St. Rep. 160.

[3] 22 Am. St. Rep. 854.

[4] 56 Am. St. Rep. 630.

*People* v. *Fire Ins. Co.*, 26 Wend. 218; Lawson on Presumptive Evidence, 198; *Warner* v. *Western etc. R. R. Co.*, 94 N. C. 250, 259.) The administratrix was entitled to sue as personal representative of the estate. (Code Civ. Proc., sec. 377; *Munro* v. *Pacific Coast Dredging etc. Co.*, 84 Cal. 515, 522;[1] *Hartigan* v. *Southern Pac. Co.*, 86 Cal. 142; *Burk* v. *Arcata etc. R. R. Co.*, 125 Cal. 364-368.[2]) The damages must be distributed according to the law of succession. (*Redfield* v. *Oakland etc. Ry. Co.*, 110 Cal. 290.) The averment of heirship is not necessary. (*Alabama etc. R. R. Co.* v. *Waller*, 48 Ala. 459; *Columbus etc. R. R. Co.* v. *Bradford*, 86 Ala. 574, 580; *Baltimore etc. R. R. Co.* v. *Wightman*, 29 Gratt. 431, 438;[3] *Matthews* v. *Warner*, 29 Gratt. 570;[4] *Harper* v. *Norfolk*, 36 Fed. 102, 104; *Warner* v. *Western etc. R. R. Co.*, 94 N. C. 250, 257; *Howard* v. *Delaware Canal Co.*, 40 Fed. 195, 199; *East Tenn. Tel. Co.* v. *Simms*, 99 Ky. 404, 408.) The objection to the complaint in this respect should not be allowed upon appeal for the first time. The stakes were a part of the car. They were a part of the appliance just as much as was the bottom of the car or its wheels. (*Bushby* v. *New York etc. R. Co.*, 107 N. Y. 374;[5] *Dougherty* v. *R. R. Co.*, 45 N. Y. St. Rep. 154; *Ryan* v. *New York etc. R. R. Co.*, 88 Hun, 269; *Ford* v. *Lake Shore etc. Co.*, 117 N. Y. 638; *McIntyre* v. *Boston etc. R. R. Co.*, 163 Mass. 189.) There is no evidence of any contract, understanding, or custom to the effect that laborers should adjust the stakes. (*McNamara* v. *McDonough*, 102 Cal. 575.) For the negligence of the men whose duty it was to prepare the stakes the employer was liable. (*McIntyre* v. *R. R. Co.*, 163 Mass. 189.) The question of contributory negligence was for the jury. (*Lee* v. *Southern Pac. Co.*, 101 Cal. 118; *Martin* v. *Cal. etc. Ry. Co.*, 94 Cal. 326; *Magee* v. *R. R. Co.*, 78 Cal. 430;[6] *Sanborn* v. *Madera F. Co.*, 70 Cal. 261; *Alexander* v. *Central L. etc. Co.*, 104 Cal. 532; *Ingerman* v. *Moore*, 90 Cal. 410;[7] *Mullin* v. *Horseshoe Co.*, 105 Cal. 77; *Limberg* v. *Glenwood L. Co.*, 127 Cal. 598; Bailey on Masters' Liability, p. 172.)

---

[1] 18 Am. St. Rep. 248.

[2] 73 Am. St. Rep. 52.

[3] 26 Am. Rep. 384.

[4] 26 Am. Rep. 396.

[5] 1 Am. St. Rep. 844.

[6] 12 Am. St. Rep. 69.

[7] 25 Am. St. Rep. 138.

ANGELLOTTI, J.—Plaintiff, administratrix, brought this action for $25,000 damages, alleged to have been sustained by her as such administratrix by reason of the death of her intestate, which death, it is alleged, was caused by the neglect of defendant, in whose service he was engaged at the time of his death.

Plaintiff obtained verdict and judgment for one thousand dollars, and defendant has appealed from the judgment and an order denying its motion for a new trial.

The complaint is entirely destitute of allegation of the existence of any heir of decedent, or allegation of any damage to any heir, the only allegation of damage being that as to the damage to the administratrix. It is settled in this state that an action of this character cannot be maintained by the personal representative of the deceased if there is no heir, and that, in order to state a cause of action, it is essential to allege in the complaint the existence of heirs. (*Webster* v. *Norwegian Mining Co.*, 137 Cal. 399.) No demurrer was interposed to the complaint in the court below, and the question as to the sufficiency of this complaint was not suggested until the case had reached this court on appeal. As a matter of fact, the record shows that plaintiff, administratrix, was the wife of decedent. It is earnestly contended that the objection has been waived, and that the complaint is sufficient to support the judgment. It may be that this contention could be upheld, but it will be unnecessary to determine the question, as the judgment must be reversed for other reasons, and the question can then be disposed of by an amendment of the complaint.

The negligence of defendant complained of was its alleged failure to furnish proper flat cars for the work in which deceased was engaged, it being alleged that such cars so furnished were "defective, inadequate, and unsafe," and that, by reason of such imperfection and defectiveness, railroad ties, with which the same were loaded, fell upon decedent, throwing him under the car, whereby he was killed.

There was no defect in the car itself, the alleged defect being the omission to place proper stakes in the loops, or pockets, on the sides and ends thereof, to support and keep in place the ties with which it was loaded. The decedent was engaged, with a number of other men, in construction

work on defendant's railroad, and on the day of the accident was, and for some time before had been, engaged on the construction train distributing the ties and rails along the line of railroad. Decedent was what is called the "straw boss," the next man under the foreman. It was the duty of these men to load these cars with the ties, and after the train had reached the place where they were needed for construction purposes to throw the same off, as the train moved slowly on. At the time of the accident the cars had been loaded with .ties, decedent having assisted in such loading, and the train, consisting of two flat cars and locomotive, was proceeding to the place where the ties were to be used, decedent sitting on top of the ties on one of the cars. For some reason the train suddenly slacked its speed, and some of the ties fell in front of the car, carrying decedent with them, and he was run over by the car and killed. The locomotive was pushing the train from the rear. The car upon which decedent rode was the front car, and there was evidence indicating that there were no stakes upon the front end of the car.

It may be conceded that the evidence was sufficient to warrant a conclusion upon the part of the jury that the throwing of decedent from the car to the ground in front thereof was due to the fact that there were no stakes on the forward portion of the car, or that the stakes used, if any were used, were not long enough, although it would be very reasonable to conclude that the manner of loading and the sudden stopping of the train were the main factors in the accident.

There was evidence to support the theory of defendant that the preparation of the flat cars for the particular work on hand, by preparing and adjusting such simple appliances in the way of boards and stakes as might be deemed necessary to keep the load in place, was, under the terms of their employment, a part of the work which the deceased and his fellow-workmen were themselves to perform. It was clearly shown that the defendant had furnished material sufficient in quality and quantity for the construction of these adjustable stakes, which was readily accessible to these men, and that from this material these men had made stakes, which they had theretofore adjusted and used in their work whenever they deemed such use necessary.

It further appeared that there were stakes on hand, already so constructed, and within the reach of these men, which could have been used by them on the day of the accident. It is well settled that where certain persons are employed to do certain work, and by the contract of employment, either express or implied, such employees are to construct and adjust the appliances by which the work is to be done, the employer to furnish proper material and the employees to construct and adjust such appliances as in their judgment are necessary, the employer is not liable *to such employees* for any defect in the *construction* or *adjustment* of such appliances. (*Burns* v. *Sennett,* 99 Cal. 363 [368]; *Callan* v. *Bull,* 113 Cal. 593 [604].) This rule, which in no way conflicts with the general rule as to the duty of the employer to furnish machinery and appliances reasonably suitable and safe for the employee to do his work, would be peculiarly applicable in a case like the one at bar, where the appliances to be adjusted consisted simply of stakes, designed to keep in place the load to be placed on the cars by deceased and his co-laborers.

It was a question for the jury to determine whether or not the facts were, in this regard, as claimed by defendant. But the trial court, by its instructions, practically took this question of fact from the jury and decided it against defendant. After stating the duty of the employer to provide suitable machinery and appliances for conducting the proposed business, it instructed the jury as follows:—

"In connection with the foregoing instruction, I further charge you that stakes or uprights *were a necessary part of said flat car* as it was used on May 3, 1898; that said stakes were appliances within the rule which requires a master to furnish, with reasonable care, proper and adequate appliances for the purpose of carrying on the proposed work," and refused to give any one of three instructions requested by defendant, based upon the theory of defendant hereinbefore stated. Two of these proposed instructions, the thirteenth and fifteenth, were, so far as we can see, not open to criticism. In this action of the court we think there was substantial error, which we are unable to say was not prejudicial to defendant. The court practically told the jury that it was the duty of the *defendant to adjust proper stakes or*

*uprights* on said car on the day of the accident. Whether or not it was defendant's duty to do so was, in view of certain evidence relied on by defendant, for the jury to determine from all the evidence in the case.

The instruction hereinbefore quoted was open to the further objection that it assumed as a matter of law that stakes or uprights were necessary to make the car reasonably suitable and safe for the employed to do their work. Whether they were so necessary was a question of fact for the jury, considering all the facts and circumstances of the case.

In our judgment, opinion evidence as to what would have been a proper height of stake to be used at the end of the car was inadmissible. It was not a matter for expert opinion evidence. We are not inclined to hold, however, that this evidence was at all prejudicial. We are further of the opinion that the court should not have instructed the jury that they might also consider the fact that the deceased was the sole support of the plaintiff, although, taking the instructions as a whole, we would not feel called upon to reverse the judgment and order on account of such instruction.

The judgment and order are reversed and the cause remanded for a new trial, with directions to the court below to allow plaintiff to amend her complaint, if she be so advised.

Shaw, J., and Van Dyke, J., concurred.

Hearing in Bank denied.