[Civ. No. 1469.   Second Appellate District.—February 16, 1914.]

MARY JANE BARR, Administratrix with the Will Annexed of the Estate of David W. Barr, Deceased, Appellant, v. SOUTHERN CALIFORNIA EDISON COMPANY (a Corporation), Respondent.

DAMAGES FOR WRONGFUL DEATH—ACTION TO RECOVER—ALLEGATION AS TO HEIRS.—An amended complaint in an action for wrongful death, brought by the widow of the deceased as administratrix, which alleges "that the deceased left at the time of his death surviving him his widow, who as the administratrix of his estate and as his personal representative and as plaintiff, brings this action; that by reason of the premises the plaintiff as such administratrix has sustained damages in the sum of one hundred thousand dollars," is not subject to general demurrer because it does not allege that the suit is brought for the benefit of heirs or that there is any heir of the deceased; since not only is the widow an heir, but section 1970 of the Civil Code expressly provides that the personal representative of the deceased may recover damages for the benefit of the widow.

ID.—SUIT FOR BENEFIT OF HEIRS—UNNECESSARY ALLEGATION.—Nor is such complaint subject to general demurrer because it does not allege that the suit is brought for the benefit of the widow, for she could not maintain the action other than for the benefit of the heirs, for whom she acts as statutory trustee.

ID.—DAMAGE TO PLAINTIFF AS ADMINISTRATRIX—SURPLUSAGE IN ALLEGATION.—The allegation in such complaint that the plaintiff has suffered damage as administratrix should be disregarded as surplusage.

ID.—PECUÑIARY DAMAGE TO WIDOW—ABSENCE OF ALLEGATION.—The failure of such complaint to allege in terms that the widow has sustained pecuniary damage does not render it subject to general demurrer, for the statute gives her the right to such damages as under the circumstances are just.

ID.—AMOUNT OF DAMAGES—FAILURE TO ALLEGE SPECIFICALLY.—The failure of such complaint to allege the amount of damage is not fatal, if it alleges facts from which damages must necessarily follow, and the prayer of the complaint is for a specific sum.

ID.—AMENDMENT OF COMPLAINT—STATUTE OF LIMITATIONS.—Where the complaint in an action to recover for wrongful death fails to allege that the deceased left any heirs, and a demurrer thereto is sustained, an amended complaint, not purporting to contain a new cause of action, but merely showing that the deceased left surviving

him a widow as his heir, may be filed after the statute of limitations has run against the cause of action.

ID.—AMENDED COMPLAINT—RELATION TO TIME OF COMMENCEMENT OF ACTION.—Where there is no attempt to state a new cause of action in an amended complaint, but merely the addition of matters essential· to make the original cause of action complete, the amendment, though made after the expiration of the period of limitation, relates back to the time of the commencement of the action.

APPEAL from a judgment of the Superior Court of Los Angeles County.   M. T. Dooling, Judge presiding.

The facts are stated in the opinion of the court.

Frank C. Prescott, and Jones & Weller, for Appellant.

H. H. Trowbridge, Hamilton A. Bauer, and Bernard Silverstein, for Respondent.

SHAW, J.—This is an appeal by plaintiff from a judgment dismissing her action upon sustaining a demurrer to an amended complaint after failure to further amend.

The action was instituted on September 23, 1911, by plaintiff as administratrix of the estate of David W. Barr, deceased, to recover damages for his death, alleged to have been caused by the negligence of defendant on September 25, 1910. There was nothing in the original complaint, containing one count, showing that deceased left any heirs, and a general demurrer interposed thereto was, upon this ground, sustained with leave to ·amend. ˙ (*Webster* v. *Norwegian Mining Co.*, 137 Cal. 399, [92 Am. St. Rep. 181, 70 Pac. 276].) Within the time granted therefor, plaintiff filed an amended complaint which, although it contained three counts, was substantially in the form of the original complaint, save and except in each count it was alleged ''that the deceased left at the time of his death surviving him his widow, Mary Jane Barr, who as the administratrix of his estate and as his personal representative and as plaintiff, brings this action; that by reason of the premises the plaintiff as such administratrix has sustained damages in the sum of one hundred thousand dollars.''   At the time of filing the amended complaint, the time within which, under subdivision 3 of section 340 of the

Code of Civil Procedure, an action of this character may be instituted had expired. Defendant interposed a general demurrer to each count of the amended complaint, and also alleged that each cause of action set forth therein was barred by the provisions of said subdivision 3 of section 340 of the Code of Civil Procedure. This demurrer, by an order in general terms, was sustained and, upon plaintiff's failure to amend, judgment of dismissal followed.

Two points are presented on the appeal. It is claimed: 1. That the amended complaint was obnoxious to the general demurrer interposed, for the reason that it was not alleged the suit was brought for the benefit of any heir of deceased, nor made to appear that he left an heir, nor alleged in terms that such or any heir sustained damage in any sum by reason of the death of deceased; and, 2. That if the same stated a cause of action, it was barred by reason of the amended complaint being filed after the statute of limitations had run against it.

1st. The complaint alleged "that the deceased left at the time of his death his widow, Mary Jane Barr." Not only is the widow of deceased an heir, but section 1970 of the Civil Code expressly provides that "when death . . . results from an injury to an employee . . . the personal representative of such employee shall have a right of action therefor against such employer, and may recover damages in respect thereof, for and on behalf, and for the benefit of the widow . . ."; which amount so recoverable, as provided in section 377 of the Code of Civil Procedure, shall be "such damages . . . as under all the circumstances of the case may be just." The point made in this behalf possesses no merit.

Nor was it necessary to allege that the suit was brought for the benefit of such widow. Since plaintiff, who is shown to be the personal representative of deceased, could not maintain the action other than for the benefit of the heirs (*Webster* v. *Norwegian Mining Co.*, 137 Cal. 399, [92 Am. St. Rep. 181, 70 Pac. 276]; *Kerrigan* v. *Market-Street Ry. Co.*, 138 Cal. 506, [71 Pac. 621]), for whom she acts as statutory trustee, it follows as a matter of law from the facts alleged that the suit is brought for her benefit. It could not be

otherwise brought; hence it was unnecessary to allege the conclusion that it was so brought.

Since plaintiff as administratrix could not sustain damage by reason of the facts alleged, the allegation that she in such capacity suffered damage, must be disregarded as surplusage. (*Newman* v. *Smith*, 77 Cal. 27, [18 Pac. 791].) It is not alleged in terms that the widow sustained pecuniary damage by reason of the death of deceased. Such omission, however, did not render the complaint obnoxious to the general demurrer. Upon the death of deceased, caused by the wrongful act of defendant, the statute gave the widow the right to such damages as under the circumstances were just, and authorized the personal representative to sue for the recovery of the same. By his death the widow was deprived of that share in the earnings of deceased to which as his wife she was entitled for support. (*Kelley* v. *Chicago etc. Ry. Co.*, 50 Wis. 381, [7 N. W. 291]; *Serensen* v. *Northern Pac. R. Co.*, 45 Fed. 407; Civ. Code, sec. 155.) Since the complaint alleged facts from which damages to the surviving wife must necessarily follow, it was sufficient to overcome the objection on the score that it failed to allege the amount in which the heir was damaged. (*Blasingame* v. *Home Ins. Co.*, 75 Cal. 638, [17 Pac. 925].) Moreover, the prayer of the complaint was for a specific sum which plaintiff sought to recover upon the facts alleged, and it has been held that this is equivalent to a formal allegation of the amount of damages sustained. (*Riser* v. *Walton*, 78 Cal. 390, [21 Pac. 362]; *Bank* v. *Port Townsend*, 16 Wash. 450, [47 Pac. 896].) While the complaint cannot be regarded as a model pleading, it is nevertheless, in our opinion, sufficient when tested by a general demurrer.

2nd. As stated, the original complaint failed to state a cause of action, and conceding the amended pleading was sufficient in this regard, respondent insists that by reason of the fact that it was filed after the statute of limitations had run against the cause of action, it was barred. The amended complaint did not purport to set up a new or different cause of action from that attempted to be set up in the original complaint. "Where there is no attempt to state a new cause of action in an amended complaint, but merely the addition of matters essential to make the original cause of action

complete, the amendment, though made after the expiration
of the period of limitation, relates back to the time of the
commencement of the action." (*Ruiz* v. *Santa Barbara Gas
etc. Co.,* 164 Cal. 188, [128 Pac. 330].) The case at bar is
not unlike that of *Rauer's Law etc. Co.* v. *Leffingwell,* 11 Cal.
App. 494, [105 Pac. 427], where the original complaint filed
to recover upon a promissory note failed to allege nonpay-
ment, by reason of which omission the complaint failed to
state a cause of action. After the expiration of the time
when the action would have been barred had it not been for
the filing of the original complaint, an amended complaint
was filed wherein nonpayment was alleged, and it was held
that such amendment did not change the cause of action, and
that as stated in the amended complaint the cause of action
was not barred by the statute of limitations. To the same
effect is the case of *Ruiz* v. *Santa Barbara Gas. etc. Co.,* 164
Cal. 188, [128 Pac. 330], wherein the above case is cited with
approval. Respondent has cited a number of authorities
from other jurisdictions which support its contention, in
reply to which it is sufficient to say the courts of this state
have adopted the rule laid down in Tiffany's Death by
Wrongful Act, section 187, where it is stated: "The com-
plaint or declaration may be amended as in other actions
where the amended pleading does not state a new cause of
action; and such amendment, although made after the ex-
piration of the period of limitation, will relate back to the
commencement of the suit. Thus, an amendment may be
made . . . which adds an allegation that the deceased left
a wife and children." (*South Carolina R. R. Co.* v. *Nix,*
68 Ga. 572; *Haynie* v. *Chicago etc. R. R. Co.,* 9 Ill. App. 105;
*Frost* v. *Whitter,* 132 Cal. 422, [84 Am. St. Rep. 53, 64 Pac.
705].) The amended complaint did not purport to contain a
new cause of action, but merely an amendment showing that the
deceased left surviving him a widow as his heir.

In our opinion the learned judge erred in sustaining the de-
murrer. The judgment is, therefore, reversed and the trial
court directed to overrule the demurrer interposed to the
complaint.

Conrey, P. J., and James, J., concurred.