[Civ. No. 1670.    Third Appellate District.—April 25, 1917.]

## PANSY M. COX, Appellant, v. SAN JOAQUIN LIGHT & POWER COMPANY (a Corporation), Respondent.

NEGLIGENCE—ACTION FOR DEATH—SUBSTITUTION OF PARTY PLAINTIFF—PLEADING—CAUSE OF ACTION NOT CHANGED.—An action to recover damages for the death of a servant brought by the widow of the deceased in her own name under the mistaken supposition that the case fell within the provisions of section 377 of the Code of Civil Procedure, which provides for the maintenance of such an action by the heirs or personal representatives of the deceased, is not changed by the filing of an amended complaint after the statute of limitations had run against the cause of action, where the only change in the complaint was the substitution of the widow, as administratrix, as plaintiff, in the place and stead of herself as heir at law, so as to bring the case within the provisions of section 1970 of the Civil Code.

ID.—CONSTRUCTION OF CODE PROVISIONS—ACTIONS FOR DEATH OF DECEASED EMPLOYEES.—Section 1970 of the Civil Code, as amended in

1907, providing that in case of the negligent death of an employee, his personal representatives shall have a right of action therefor against the employer, and may recover damages in respect thereof for and on behalf of the widow, children and other dependent relatives, has not abrogated section 377 of the Code of Civil Procedure which provides that when the death of a person, not being a minor, is caused by the wrongful act of another, his heirs or personal representatives may maintain an action for damages, in so far as concerns actions by the representatives of deceased employees.

APPEAL from a judgment of the Superior Court of Kern County.   Milton T. Farmer, Judge.

The facts are stated in the opinion of the court.

Borton & Theile, and Short & Sutherland, for Appellant.

Edward W. Tuttle, Kaye & Siemon, and Harriman, Ryckman & Tuttle, for Respondent.

CHIPMAN, P. J.—The following statement of the case and points relied on is taken from appellant's opening brief, as sufficiently presenting the matters now here for review:

"On the seventeenth day of June, 1911, one Fred Cox, while employed by the defendant as an electric lineman, was electrocuted and killed.   By complaint filed October 13, 1911, Pansy M. Cox, widow and heir of Fred Cox, brought this action against San Joaquin Light & Power Corporation to recover damages for the death of the said Fred Cox.   On the twenty-seventh day of October, 1913, plaintiff's attorneys served and filed a notice of motion to file an amended complaint which in all material respects was the same as the original complaint except that the amended complaint set forth that Pansy M. Cox was the administratrix of the estate of Fred Cox, and in the amended complaint Pansy M. Cox sued as such administratrix.   Defendants opposed the motion but on the seventh day of January, 1914, the court granted permission to file the amended complaint.   Thereafter defendant demurred to the amended complaint upon the ground that the cause of action set forth in the same was barred by subdivision 3 of section 340 of the Code of Civil Procedure, which demurrer was thereafter by the court overruled.   The point presented by this appeal is this: In a suit against a master, for damages for death of his servant, alleged to have been caused by the negli-

gence of the master, such suit being brought by the widow of the deceased, it is a change of the cause of action to permit by amendment the administrator of the deceased to be substituted for his widow or (what we will submit is the same question) to permit the widow, as administratrix, to be substituted for the widow suing as an heir. The demurrer upon the ground that the cause of action was barred by the statute of limitations is merely a corollary of the point last above stated for, it may be admitted, that if the cause of action is not changed and the amendment is a proper one, the amendment would relate back to the time of filing the original complaint. The question is therefore as outlined above, although presented to the lower court and presented here by this appeal, under two forms of attack: First, by objection to the filing of the amended complaint; and, second, by demurrer to the amended complaint, upon the ground of statute of limitations."

That Mrs. Cox is the widow and sole heir of decedent and the only person entitled to the fruits of the judgment is not disputed.

Section 377 of the Code of Civil Procedure reads in part as follows: "When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person." Section 1970 of the Civil Code, amended in 1907, abrogates in some degree the fellow-servant rule as it had previously existed, and changes somewhat the rule of assumption of risk in favor of the employee. The right of action for death reads as follows: "When death, whether instantaneous or otherwise, results from an injury to an employee received as aforesaid, the personal representative of such employee shall have a right of action therefor against such employer, and may recover damages in respect thereof, for and on behalf, and for the benefit of the widow, children, dependent parents, and dependent brothers and sisters, in order of precedence as herein stated, but no more than one action shall be brought for such recovery."

It is contended by appellant that there is an "important distinction in the cause of action created by section 1970 of the Civil Code and that created by section 377 of the Code of

Civil Procedure." The distinction pointed out in defendant's brief consists, it is claimed, in the fact that under section 1970 "if the personal representative sues for a death occurring in the relation of employer and employee that such personal representative is entitled to the liberal provisions of section 1970 with regard to the fellow-servant rule and assumption of risk," whereas, if the action is brought by the representative under section 377, "the old and rigid rules relating to acts of fellow-servants and assumption of risk would apply." It is contended that the action was brought under section 377, and that by substituting the administratrix of deceased as his representative so as to bring the case under section 1970 there resulted "a complete change of the cause of action," and hence is not allowable.

Mr. Pomeroy gives us the meaning of the terms, "cause of action." Cautioning against confusing them with the "remedy" and with "the action," he says: "In accordance with the principles of pleading adopted in the new American system, the existence of a legal right in an abstract form is never alleged by the plaintiff; but, instead thereof, the facts from which that right arises are set forth, and the right itself is inferred therefrom. The cause of action, as it appears in the complaint when properly pleaded, will therefore always be the facts from which the plaintiff's primary right and the defendant's corresponding primary duty have arisen, together with the facts which constitute the defendant's delict or act of wrong."

The cause of action here consisted of facts equally applicable to both sections, i. e., the death of the employee through the negligence of the employer. The same facts, as shown by appellant's statement of the case, are found in both the original and amended complaints, the only difference being that in the former the widow, as heir of the employee, was plaintiff, and in the latter the widow as representative of the employee. In both complaints the same cause of action was stated. In both cases the person and only person beneficially interested was the widow. Section 377 gives the right generally to sue either in the name of the heir or representative of the deceased. Section 1970 gives the right only to the representative for the death of one sustaining the relation of employee to an employer. Whether or not section 1970 has the effect of abrogating section 377 and is exclusive, or to what

extent section 1970 may prevail over section 377 so far as they respectively authorize actions for injuries causing death, are open questions. (*Pritchard* v. *Whitney Estate Co.*, 164 Cal. 564, [129 Pac. 989].) But it seems now to be settled that where the relation of employer and employee exists and the employee meets his death through the negligence of the employer, section 1970 furnishes the only basis for the action. (Ibid.) The present action was commenced in 1911 and the case just cited was first decided in department in June, 1912, and in Bank, in January, 1913. In October, 1913, plaintiff gave notice of motion to amend. It is not surprising that plaintiff's attorney made what now appears to have been a mistake in bringing the action in the name of the widow, since the department decision of the supreme court in the case cited would seem to lend some support to plaintiff's first impression of her right to sue in her own name as heir.

In the case of *Reardon* v. *Balaklala Consol. Copper Co.*, 193 Fed. 189, the action was exactly similar to the action here and the same mistake was made in commencing the action. The father being the next of kin was, under section 1970 of the Civil Code, entitled to the benefit of the recovery, but erroneously, as did the widow in the present case, he commenced the action in his own name under the mistaken supposition that the case fell within section 377 of the Code of Civil Procedure; and before the error was established by a ruling on defendant's demurrer to that complaint, the time within which a new action could be commenced by the administrator had elapsed. "The sole question presented here calling for consideration," said the court, "is whether under these circumstances it was competent to allow the complaint to be amended by substituting the administrator as plaintiff in the action so commenced by the father, and thus avoid bringing a new action; or should the action be dismissed?" The proposition was pressed upon the court that the bringing of the action by the father was wholly nugatory and ineffectual to arrest the running of the statute. Speaking of this contention, Mr. Justice Van Fleet, who heard the case, said: "It involved an erroneous conception of the legal effect of the omission sought to be corrected, and a too narrow construction of the purpose and effect of the statutes, both state and federal (Code Civ. Proc., sec. 473; Rev. Stats., sec. 954, [4 Fed. Stats. Ann., p. 596; U. S. Comp. Stats. Ann., 1916, sec. 1591, p. 696]), in

providing the extent and character of relief that may be afforded by way of amendment, to avoid mistakes of the nature of that here involved. It should be borne in mind that the substantive cause of action counted on in the amended complaint has not been changed. It remains precisely the same as that stated in the original pleading. No new facts are alleged as a ground of recovery, the only change being in the name of the plaintiff and the capacity in which he sues; while the father still remains the beneficiary of the recovery sought. This being so, the change effected by the amendment is obviously in no just sense the bringing of a new action. It is one of form rather than substance, and in the interest of justice is to be treated as such, rather than to adopt a view which would result in an irretrievable bar to all remedy. Under the modern doctrine, the discretionary power of the court to such end is to be liberally exerted in favor of, rather than against, the disposition of a case upon its merits; and I am entirely satisfied after a full examination of the question induced by the reargument that, under the broad and comprehensive terms of section 954, if not as well under the statute of the state, the defect involved is one which may be cured by amendment.'' After reviewing some of the decisions upon the question, the learned justice said: ''The principles announced in these cases are clearly applicable to the circumstances presented here. As we have seen, no change has been worked in the form or substance of the cause of action set up. That remains in all respects the same. The father is now, as he was when the original complaint was filed, the real party in interest, for whose benefit, under the express language of the statute, the action may be maintained. He has then a right to have the action prosecuted, but the law says that that must be done through the instrumentality of the legal representative rather than that of the immediate beneficiary; and this purely formal requirement is all that is accomplished by the amendment allowed. Had the father caused himself, instead of the present plaintiff, to be appointed the administrator of his dead son's estate, as was his legal right, there could be no question, under the foregoing authorities, of his right to have himself in his representative capacity substituted as plaintiff, in place of himself as an individual; and the chances are, if such had been the course pursued, the present objection would never have presented itself.''

A very full discussion of the question is found in *Missouri, K. & T. R. Co.* v. *Wulf,* 226 U. S. 570, [Ann. Cas. 1914B, 134, 57 L. Ed. 355, 33 Sup. Ct. Rep. 135], in which *Reardon* v. *Balaklala etc. Co., supra,* is cited approvingly.

In *Ruiz* v. *Santa Barbara Gas etc. Co.,* 164 Cal. 188, [128 Pac. 330], the cause of action was of the same nature as the present cause of action, and the action was commenced by plaintiff as special administrator of the estate of deceased. He failed to allege that the deceased left any heir and hence, under section 377 of the Code of Civil Procedure, failed to state a cause of action, and the trial court so held on demurrer to the complaint with leave to amend. Pending time given to amend plaintiff was appointed general administrator of the estate, and upon filing an amended complaint he did so in his new capacity as general administrator of deceased's estate. Meanwhile, however, the statute of limitations had run. The court said: "It is settled by the decisions that an action of the character authorized by section 377 of the Code of Civil Procedure is one solely for the benefit of the heirs, by which they may be compensated for the primary injury suffered by them by reason of the loss of their relative, that the money recovered in such an action does not belong to the estate but to the heirs only, and that an administrator has the right to bring the action only because the statute authorizes him to do so, and that he is simply made a statutory trustee to recover damages for the benefit of the heirs. (Citing cases.) The same is manifestly made to appear in the provision of section 1970 of the Civil Code hereinbefore referred to." *Barr* v. *Southern California Edison Co.,* 24 Cal. App. 22, [140 Pac. 47], was a case of the character of the present case, in which the complaint failed to allege that deceased left any heirs and for that reason failed to state a cause of action. An amended pleading curing this defect, filed after the statute of limitations had run, was demurred to and demurrer sustained. On appeal the judgment was reversed and the amendment held allowable. We can perceive no good ground on which such an amendment would be justified that would not be equally available in support of the amendment here in question. Some of the authorities cited by appellant seem to support its contention. Mr. Thompson cites certain cases as supporting the rule claimed by appellant. In that connection, however, he says: "The test, under statutes allow-

ing amendments, as to whether amendments may be made to a declaration after the time limited by statute within which actions can be brought seems to be: 1. Does the original declaration state a cause of action under the statute? 2. Does the amended declaration state a different cause of action? If the first question is answered affirmatively and the second negatively, the amended declaration is not barred by the statute of limitations." (6 Thompson on Negligence, sec. 7017, p. 148.) As we think the original complaint stated a cause of action under the statute, and the amended complaint did not state a different cause of action, the test given by Mr. Thompson is fully met.

*Dubbers* v. *Goux,* 51 Cal. 153, is sometimes (as by the Utah supreme court) cited in support of the rule contended for by appellant. In that case the action was commenced by the husband, who afterward made a motion that his wife be substituted as plaintiff because she was the real party in interest. The lower court allowed the substitution and defendant appealed. The supreme court said: "The court erred in permitting Mrs. Dubbers to be substituted for her husband as plaintiff. It is not pretended that she had succeeded to any interest held by her husband pending the action, nor that she had any joint interest with him in the subject matter. On the contrary, she was substituted as plaintiff on the theory that she was the only party in interest at the commencement of the action, and had ever since been so. She was permitted to become the sole plaintiff, not to prosecute the same cause of action stated in the complaint, on the ground that she had succeeded to it, but another and distinct cause of action in her separate right. In effect, it was permitting her to prosecute a new suit, for another cause of action, by merely substituting her as sole plaintiff in the former action. It is scarcely necessary to say that section 473, Code of Civil Procedure, affords no warrant for such a proceeding." That case is easily distinguishable from the case here.

We are entirely satisfied with the view expressed by Mr. Justice Van Fleet in *Reardon* v. *Balaklala etc. Co.,* and do not find it necessary to consider the numerous cases cited by respective counsel.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.

33 Cal. App.—34

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 21, 1917, and the following opinion then rendered thereon:

THE COURT.—In denying the application for a hearing in this court after decision by the district court of appeal of the third appellate district, we deem it proper in view of what is said in the opinion as to the effect of section 1970 of the Civil Code on section 377 of the Code of Civil Procedure, to refer to the opinion in the case of *Gonsalves* v. *Petaluma & S. R. R. R. Co.*, 173 Cal. 264, [159 Pac. 724]), discussing these sections which apparently was not brought to the attention of the district court of appeal.