[Civ. No. 44401. Second Dist., Div. Five. May 30, 1975.]

HAROLD H. JENSEN et al., Plaintiffs and Appellants, v.
ROYAL POOLS et al., Defendants and Respondents.

COUNSEL

Robert M. Blakey for Plaintiffs and Appellants.

Forster, Gemmill & Farmer, John F. McKenna, Jr., Bruce R. Bailey, Feinerman, Furman & Klein and Earl Klein for Defendants and Respondents.

OPINION

KAUS, P. J.—Plaintiffs Harold and Wanda Jensen appeal from a judgment in favor of defendants Royal Pools and Rolling Hills Vista Town House Co., after the trial court sustained defendants' demurrers to plaintiffs' first amended complaint and dismissed the action.

FACTS

In February 1969, Rolling Hills Town Club No. 1 ("Club") the original plaintiff in this action,[1] filed a complaint on theories of negligence and breach of contract against defendants, alleging that plaintiff Club "is an unincorporated association consisting of the owners of all the condominiums in the project known as 'Rolling Hills Vista Town House' . . .," that the Club was suing under its own name as an unincorporated association (Code Civ. Proc., § 388) and that the Rolling Hills Vista Town House project "consists of 62 condominiums each comprising, . . . a unit and an undivided interest in common area . . . ."

The complaint alleges that defendant Rolling Hills built the project which included a swimming pool constructed by defendant Royal Pools. Cracks began appearing in the pool during March 1966. Defendants negligently built the pool and defendants breached the contract by selling to "members of plaintiff" a defective pool. Plaintiff Club sought

---

[1]Defendants' motions for summary judgment were granted as to plaintiff Club which has not appealed and is no longer a party to this action.

damages estimated to "exceed $7,500.00;" however, the Club was unaware of its actual damage at the time of filing.

In March 1973, while this case was at issue, Division Four of this court held in *Friendly Village Community Assn., Inc.* v. *Silva & Hill Constr. Co.,* 31 Cal.App.3d 220, 224-225 [107 Cal.Rptr. 123], that a condominium owners' association lacks standing to sue to recover damages to common areas of a condominium. In May 1973, defendant Royal Pools filed a notice of motion for summary judgment, relying chiefly on *Friendly Hills.* In June 1973, the Club was allowed to amend the complaint to include as plaintiffs the Jensens appellants here, individually and as representatives of the class of condominium owners in the project.

The factual allegations in the amended complaint are the same as those alleged in the original complaint. The damages, originally estimated at $7,500, were alleged to be $15,800 and, in addition, plaintiffs Jensen sought punitive and exemplary damages.

Defendants' demurrers to the amended complaint were sustained without leave to amend on the grounds that the cause of action "is barred by the statute of limitations."

## DISCUSSION

Since the statute of limitations concededly had run when the amended complaint was filed, the sole issue on appeal is whether the amended complaint relates back to the original, timely, complaint.

The rule with respect to amending complaints after the statute of limitations has run is clear: "The modern rule with respect to actions involving parties *designated by their true names in the original complaint* is that, where an amendment is sought after the statute of limitations has run, the amended complaint will be deemed filed as of the date of the original complaint provided recovery is sought in both pleadings on the same general set of facts. [Citations.] This rule is the result of a development which, in furtherance of the policy that cases should be decided on their merits, gradually broaden the right of a party to amend a pleading without incurring the bar of the statute of limitations." (*Austin* v. *Massachusetts Bonding & Insurance Co.,* 56 Cal.2d 596, 600 [15 Cal.Rptr. 817, 364 P.2d 681] (italics added); see also, *e.g., Grudt* v. *City of Los Angeles* 2 Cal.3d 575, 583 [86 Cal.Rptr. 465, 468 P.2d 825].)

■ ■■■ Even where new plaintiffs are substituted or added after the statute of limitations has run, the same rule applies.[2] In *Cox* v. *San Joaquin Light etc. Co.,* 33 Cal.App. 522 [166 P. 578], a death action was brought by the decedent's heir, although the statute required that the action be brought by the decedent's personal representative. After the statute of limitations had run, the trial court permitted the complaint to be amended to state the cause of action by the personal representative. (33 Cal.App. at pp. 523-524.) The court pointed out that the same facts were alleged in both the original and amended complaints, and that in both cases, the same person was beneficially interested. (*Id.,* at p. 525.) Thus, the statute of limitations was no bar to filing the amended complaint. (*Id.,* at p. 529.)

Although the situation in this case appears to be no different from that in *Cox,* defendants distinguish *Cox* (and see also *Siegel* v. *Superior Court,* 203 Cal.App.2d 22, 27-28 [21 Cal.Rptr. 348]) by noting that here the issue is lack of standing, rather than capacity to sue.[3] ■ True, for some purposes the concepts of lack of capacity to sue and lack of standing are not the same. (*Klopstock* v. *Superior Court,* 17 Cal.2d 13, 17-19 [108 P.2d 906, 135 A.L.R. 318].) Lack of capacity is waived unless pointed to by special demurrer (*Klopstock, supra,* 17 Cal.2d at p. 17), while lack of standing is properly raised by general demurrer. (*Id.,* at p. 19.) However, that distinction would only have justified the trial court in dismissing the case, had plaintiffs failed to amend. (*Payne* v. *United California Bank,* 23 Cal.App.3d 850, 857-857, 860 [100 Cal.Rptr. 672].)

■ The only justification for permitting defendants to raise the statute of limitations would be prejudice. In *Klopstock* v. *Superior Court, supra,* 17 Cal.2d 13, three brothers were the directors and sole shareholders in a corporation. One brother died, appointing his wife as co-executor. Then the wife died, and plaintiff was appointed executor of her

---

[2]Moreover, notwithstanding the prejudice to the defendant, where the true defendant is not known when the complaint is filed and is sued by a fictitious name, that defendant is considered a party to the action from the start, so that the statute of limitations stops running when the initial pleading is filed. (*Austin* v. *Massachusetts Bonding & Insurance Co., supra,* 56 Cal.2d 596, 599.)

[3]Neither defendant makes any serious contention that the facts alleged in the original complaint are not the same as the facts alleged in the amended complaint. Defendant Royal Pools asserts that plaintiffs' claim is "clearly" not the same claim as that asserted by the Club, because it will be difficult to ascertain the actual loss to each unit owner and because each owner has lost only "a few hundred dollars." The point is not clear. The desirability of class actions for only a "few hundred dollars" is not before this court, and, anyway, that issue has been resolved against defendants. (*Vasquez* v. *Superior Court,* 4 Cal.3d 800 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513].)

will. (17 Cal.2d at p. 15.) He sued the corporation and the two brothers. The court of appeal then held that plaintiff, as the wife's executor, was not a proper party. Plaintiff obtained leave from the trial court to file an amended complaint in which the husband's executor was named as a plaintiff. (*Id.*, at p. 16.)

The defendants in *Klopstock* sought a writ. The court affirmed the order of the trial court, relying on Code of Civil Procedure, section 473, which permits the court to allow amendments "in furtherance of justice, . . .". (*Id.*, at p. 19.)

The court explained: "In the present case [the original] plaintiff . . . sought on behalf of the corporation to enforce against the defendants exactly the same liability which is the basis for the relief now sought on behalf of the corporation. In the furtherance of justice and in the exercise of its discretion, the trial court permitted the amendment which brought [the proper plaintiff] . . . into the action as the nominal plaintiff." (*Id.*, at p. 21.) "The defendants have been fully apprised since the filing of the original complaint of the facts which are relied upon to state a right to relief against them in behalf of the corporation." (*Id.*)

Similarly, in *Cal. Gas. Retailers* v. *Regal Petroleum Corp.*, 50 Cal.2d 844, 850-851 [330 P.2d 778], the court, after holding that an incorporated business association was not a proper party plaintiff, ruled that an amended complaint naming a member of that corporation and its president as plaintiff cured any defect in the original pleading. The court noted that the amendment stated no new facts and that defendants were not prejudiced.

■ ■■■■ Although neither *Klopstock* nor *Cal. Gas. Retailers,* involved the statute of limitations,[4] the considerations involved in those cases—the lack of prejudice to the defendants and the policy of deciding cases on their merits—apply equally to this case.[5]

---

[4]After the statute of limitations has run, an amendment will not be permitted when the result is to drop one defendant and to add another, if the true defendant was known when the original action was filed. (*Chitwood* v. *County of Los Angeles,* 14 Cal.App.3d 522, 525 [92 Cal.Rptr. 441]; *Stephens* v. *Berry,* 249 Cal.App.2d 474, 478 [57 Cal.Rptr. 505] and cases collected.) The prejudice to a defendant is apparent in that situation and the policy of deciding the merits of a dispute is offset by the plaintiff's dilatory conduct.

[5]In *Worthington* v. *Kaiser Foundation Health · Plan, Inc.,* 8 Cal.App.3d 435 [87 Cal.Rptr. 272], the Court of Appeal modified a judgment to convert a nominal defendant into a plaintiff, where the named plaintiff was not the real party in interest. (*Id.,* at pp. 444, 446-447.)

We conclude that the trial court erred in sustaining defendants' demurrer. The judgment is reversed.

Ashby, J., and Hastings, J., concurred.

The petition of respondent Royal Pools for a hearing by the Supreme Court was denied July 23, 1975.