[Civ. No. 4213. Fifth Dist. Sept. 25, 1980.]

JOSEPH CHARLES DHUYVETTER, a Minor, etc., et al., Plaintiffs and Appellants, v.
CITY OF FRESNO, Defendant and Respondent.

**COUNSEL**

Lerrigo, Thuesen, Walters, Nibler & Hedrick, Fadem, Berger & Norton and Michael M. Berger for Plaintiffs and Appellants.

James McKelvey, City Attorney, Hoge, Fenton, Jones & Appel, H. R. Lloyd, Jr., and Charles Dean for Defendant and Respondent.

OPINION

**THOMPSON, J.***—Plaintiffs appeal the sustaining of a demurrer to their amended complaint without leave to amend. Such an order is not appealable, no judgment of dismissal having been entered, but in view of the public interest involved, we direct the entry of a judgment of dismissal, nunc pro tunc, and treat this appeal as an appeal from such judgment.

A comprehension of the issues herein requires a summary of the pleading status of the case.

In 1974, two groups of property owners residing in the flight pattern of the Fresno Municipal Airport (Hammar Field) filed two claims against the City of Fresno pursuant to Government Code section 900 et seq. Each of the two claims was filed on behalf of the claimants named therein, those residing with them, and a class comprised of all those similarly situated. Each alleged damages resulting from overflights of airplanes using the air field, alleging such inconveniences as noise, air pollution, etc., and diminution of property value. Within the time provided by statute, these property owners filed a class action seeking to recover their damages. After a hearing, the class action was decertified and the property owners pursued their litigation in their individual capacities.[1]

Some 16 months after the trial court ordered decertification of the original class action pled, presumably under the ruling in *City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223], the named plaintiffs, in some instances as guardians ad litem for their children, sought leave to amend the complaint to add the children residing with them as plaintiffs. Over the respondent city's opposition, leave was granted.

The city thereupon demurred to the amended complaint, urging chiefly that the notice requirements of Government Code section 900 et seq., had not been complied with, and further asserting that if it be construed that a claim had been filed originally, suit was not brought

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

[1]After a lengthy jury trial, the property owners were denied damages, which judgment is not yet final.

within six months of its rejection as provided by Government Code section 945.6. The demurrer of the city was sustained without leave to amend.

A resolution of the issues raised herein requires first of all an ascertainment as to whether the claims originally filed were sufficiently broad to include the children of the original claimants.

■ Preliminarily, we state that we do not believe nor so hold that the fact that a class action was decertified in any way necessarily vitiates the sufficiency of a claim filed wherein class action was sought. To hold otherwise would lead to a wholly unwarranted and unnecessary result. If this were not so, every class action litigant would have to file dual claims, one for the class action and one in an individual capacity. This would, in many cases, nullify the very purpose of a class action or at best produce a flood of individual claims to the governmental agency involved. Unless we are required under the law to do so, we cannot sanction such an unwelcome and burdensome result.

The original claims filed herein were filed on behalf of named property owners adjacent to the Fresno airport and "those residing with them" and "on behalf of all persons similarly adversely affected by jet aircraft operations at Fresno Air Terminal." It is immediately apparent that the children of homeowners living with their parents adjacent to an airport would suffer the same types of physical damages (if any) as their parents from noise, smoke, vibration, etc.

■ Clearly as to the children, the city was placed on notice as to the nature of the damages sought insofar as the children were concerned. Moreover, their residence and the locale and source of the personal injuries allegedly inflicted were the same as those of their parents.

It was held in *City of San Jose* v. *Superior Court, supra*, 12 Cal.3d at page 457, that a class claim may satisfy claims statutes requirements.[2] The court set forth the following test for the sufficiency of a particular claim at pages 456-457: "...we conclude that to gauge the sufficiency of a particular claim, *two* tests shall be applied: Is there *some* compliance with *all* of the statutory requirements; and, if so, is

---

[2]The applicable claims statutes here include Government Code section 910 which sets forth the required contents of a claim and section 911.2 which specifies the time of presentation for such claims.

this compliance sufficient to constitute *substantial* compliance?" Although the *San Jose* court expressly declined to decide whether the class claim filed there was sufficient (*id.,* at p. 458), we conclude that the criteria set forth in that case were met here.

We note that the claim filed in the instant case was somewhat more specific than in *City of San Jose* v. *Superior Court, supra,* in that it specified a designated group of property owners, their addresses, and included all those residing with them, the specific allegations of the claim reciting: "Jet aircraft take off and land at Fresno Air Terminal. Jet aircraft 'run-up' their engines when on the ground. In doing so they cause noise, vibrations, fumes and fallout of oil and soot. By reason of said operations, Claimants' properties have been taken and damaged for public use without compensation.

"The noise and air pollution coming from jet aircraft using Fresno Air Terminal is injurious to Claimants' health, offensive to their senses and obstructs the free use of their property so as to interfere with the comfortable enjoyment of life and property.

"In addition, Claimants have suffered emotional disturbance and resultant physical injury because of said operations."

The above language would appear to satisfy the declaration in *City of San Jose* v. *Superior Court, supra,* at page 457 ". . .the class claim must provide the name, address, and other specified information concerning the *representative* plaintiff and then sufficient information to identify and make ascertainable the class itself. Because such information would meet the statutory requirements of name and address, *any* effort to identify the class would satisfy the *some compliance* test. Beyond this the sufficiency of the identifying information must be measured by the *substantial compliance* test." ■ In our case, we believe that there was substantial compliance in that it could be determined from the claim itself, if not the names of the children, their existence at a particular address, the nature of the damages suffered, a specific sum claimed as damages, to wit, $5,000 per claimant, the alleged cause of the injury and damage, and the allegation that the city was the responsible party for the injury and damages. The claims further state that the injury and damages occur daily and it is, of course, apparent that the type of injuries alleged here are a continuous process. Individual names of public employees are not given but subdivision (e) of section 910 of the Government Code requires their being named "if

known." We cannot conceive of any method whereby individual city employees could be named since the conduct of an airport is so complex and in any event is governed by city policies, not individual.

We believe the foregoing recital establishes that there was substantial compliance with the governmental claims statutes. (Gov. Code, § 910.)

■ If we are correct in holding that the original claim was sufficient, and we so hold, to include the children of the plaintiffs, discussion as to whether the claim was filed within the time limits prescribed in Government Code section 911.2 becomes academic. The original claims were timely filed (the tort, if any, being a continuing tort) and the original complaint thereon was timely filed.

The only remaining consideration to be discussed is whether or not the amended complaint likewise relates back in time to the filing of the original complaint. In this area, we are on well established ground.

■ We see no prejudice to respondent in the filing of the amended complaint. The city was apprised from the initiation of the lawsuit that persons residing with the named claimants were seeking damages.[3] But for the fortuitous circumstance to the city of the decertification of the class, no issue would have arisen as to the children's right to seek damages.

A case most persuasive upon the point is that of *Jensen v. Royal Pools* (1975) 48 Cal.App.3d 717 [121 Cal.Rptr. 805]. In that case, an unincorporated association brought suit seeking damages for a defective communally owned swimming pool. Subsequently, a "spotted calf" case was decided in which it was held that a similar unincorporated association lacked standing to sue. Thereupon, the plaintiffs in *Jensen* sought leave, although the statute of limitations had run, to file a suit designating proper parties plaintiff. Leave was granted and the appellate court affirmed the trial court. Quoted with approval in *Jensen* is the statement in *Austin v. Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 600 [15 Cal.Rptr. 817, 364 P.2d 681]: "'The modern rule with respect to actions involving parties *designated by their true names in the original complaint* is that, where an amendment is sought after the statute of limitations has run, the amended complaint will be

---

[3]All that we have said concerning "persons residing with the named claimants" applies only to persons so residing at the time the claim was filed in 1974.

deemed filed as of the date of the original complaint provided recovery is sought in both pleadings on the same general set of facts. [Citations.] This rule is the result of a development which, in furtherance of the policy that cases should be decided on their merits, gradually broaden[ed] the right of a party to amend a pleading without incurring the bar of the statute of limitations.'" (*Jensen* v. *Royal Pools, supra*, 48 Cal.App.3d at p. 720; italics added.)

Our case here is stronger on its facts than the above cited case. Not only is the statute of limitations not a factor here, but also the parties-plaintiffs to be added by the amendment were alleged in the original complaint, albeit not by name. Nor could it be contended that their injuries and damages (if any) were not of like character and incurred in like manner of their parents who were specifically named. We see no possible prejudice in holding that the amended complaint relates back to the original date of filing.

The judgment is reversed. The trial court is directed to overrule the demurrer interposed.

Brown (G. A.), P. J., and Pierson, J.,* concurred.

A petition for a rehearing was denied October 21, 1980, and respondent's petition for a hearing by the Supreme Court was denied November 19, 1980.

---

*Assigned by the Chairperson of the Judicial Council.