[No. G000433. Fourth Dist., Div. Three. Dec. 27, 1984.]

GERALD BANGERT et al., Plaintiffs and Appellants, v.
NARMCO MATERIALS, INC., et al., Defendants and Respondents.

208

COUNSEL

Robinson & Robinson and Kevin Calcagnie for Plaintiffs and Appellants.

Voegelin, Barton, Klugman & Oetting, Richard F. Oetting, Dana N. Levitt, Tod V. Beebe, Corbett, Steelman & Davidson and Bruce R. Corbett for Defendants and Respondents.

## OPINION

**WALLIN, J.**—Plaintiffs appeal the trial court's order denying leave to file an amended complaint after the statute of limitations had run. The amended complaint sought to add as plaintiffs 92 individuals who were all members of the proposed class named in the original complaint. Applying federal class action procedural law, we conclude the statute of limitations was tolled until a final determination regarding the propriety of class certification was made by the trial court. Consequently, we hold the trial court erred in denying plaintiffs' leave to file their amended complaint.

### FACTS

Plaintiffs commenced this litigation as a class action. (See Code Civ. Proc., § 382.) The original complaint was filed August 22, 1980, by the named plaintiffs on behalf of themselves and "all persons similarly situated" who were currently residing within a one-third mile radius of Narmco's plastic research plant in Costa Mesa, California. Plaintiffs sought injunctive relief as well as recovery for property damage, economic loss, and physical injuries purportedly caused by chemical air and water pollution emanating from Narmco's factory over a 31-year period.

The first three years of this lawsuit are a chronicle of demurrers and amended pleadings. On four occasions during that period, defendants successfully demurred to the class action allegations of plaintiffs' complaint, each time generating an amended complaint which in turn elicited a new demurrer on the grounds the complaint failed to allege facts sufficient to state a cause of action for class action relief. Defendants' consistent argument was that plaintiffs' claims were inappropriate for class action treatment because insufficient community of interest existed in issues of fact and law applicable to all class members. On May 6, 1983, apparently convinced plaintiffs could not construct allegations sufficient to state a cause of action for class action relief, the trial judge sustained defendants' demurrer to the third amended complaint without leave to amend "as to class action allegations." This order had the effect of denying class certification.

On June 16, 1983, plaintiffs moved for leave to amend the complaint nunc pro tunc to add 92 members of the class designated in the original complaint as plaintiffs in the present action. The motion was denied without comment. This appeal followed.

## DISCUSSION

At the heart of this appeal is the applicability of the relevant statute of limitations. Plaintiffs seek to avoid the bar of the limitations statute by invoking the doctrine of relation back as it applies to amended pleadings. (See *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 600 [15 Cal.Rptr. 817, 364 P.2d 681].)

■ We recognize that amendments to pleadings have been liberally allowed to avoid the harsh result imposed by a statute of limitations. (*Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121].) However, the doctrine is normally used to permit plaintiffs to effect a change in pleading theory or to substitute named defendants for fictitious defendants. (See, e.g., *Austin* v. *Massachusetts Bonding & Insurance Co.*, *supra,* 56 Cal.2d 596; *Smeltzley* v. *Nicholson Mfg. Co.*, *supra,* 18 Cal.3d 932.) While in certain circumstances a party has been allowed to amend his complaint to add new plaintiffs after the statute has run, those cases usually involve a substitution of parties because of a technical defect in the plaintiff's status. (*Bartalo* v. *Superior Court* (1975) 51 Cal.App.3d 526, 534 [124 Cal.Rptr. 370].) We do not think an amendment to add 92 additional plaintiffs, each with an independent right of action, is a proper application of this procedural device. (See *Phoenix of Hartford Ins. Companies* v. *Colony Kitchens* (1976) 57 Cal.App.3d 140, 146 [128 Cal.Rptr. 893].) Therefore, rather than attempting to apply state procedural rules in contexts for which they are ill-suited, we look to federal law for guidance.

We are aware that at least one court has reached a contrary conclusion. (See *Guenter* v. *Lomas & Nettleton Co.* (1983) 140 Cal.App.3d 460, 468 [189 Cal.Rptr. 470].) In *Guenter,* the trial court denied class certification in a case involving 28 beneficiaries of a second deed of trust. Three years later the plaintiff sought leave to amend his complaint nunc pro tunc to add as named plaintiffs the other 27 beneficiaries of the trust deed. The appellate court held the trial court erred in not allowing the amendment, "since such beneficiaries were plaintiffs in the original complaint as they were members of the class appellant Guenter sought to represent." (*Ibid.*) We think *Guen-*

*ter* is unsound. The practical effect of the decision is to suspend or eliminate the relevant statute of limitations in class action litigation for all members of the purported class as long as the original litigation continues; even though the class has been decertified and putative class members are no longer parties to the action. While in *Guenter* the additional class members all moved to join the action in one neat package, in more cumbersome litigation additional class members could conceivably move to amend or intervene ad infinitum, even up to the date of judgment. Such a rule would inevitably complicate the administration and settlement of representative actions.

Finally, the cases relied upon in *Guenter* do not support the propositions advanced by the majority. (*Id.,* at pp. 471-472 (dis. opn. of Scott, J.).) *Jensen* v. *Royal Pools* (1975) 48 Cal.App.3d 717 [121 Cal.Rptr. 805] is simply an example of substituting plaintiffs because of a defect in the original plaintiffs' status, and *Dhuyvetter* v. *City of Fresno* (1980) 110 Cal.App.3d 659 [168 Cal.Rptr. 61] involved a challenge to compliance with the requirements of the government claims statutes. The statute of limitation was not a factor. (*Id.,* at p. 666.) Furthermore, *Dhuyvetter* reached its result relying solely on *Jensen.* As illustrated, *Jensen* is not persuasive authority for the untimely addition of numerous new plaintiffs.

█ Courts must apply procedural rules specifically developed to deal with the unique problems presented by class litigation. In the context of adding unnamed class members as additional plaintiffs following denial of class certification, federal law provides an adequate solution.

The California Supreme Court has directed us to utilize the class action procedures of the federal rules to ensure fairness in class action suits in the event state authority proves inadequate. (*Richmond* v. *Dart Industries, Inc.* (1981) 29 Cal.3d 462, 469, fn. 7 [174 Cal.Rptr. 515, 629 P.2d 23]; *La Sala* v. *American Sav. & Loan Assn.* (1971) 5 Cal.3d 864, 872 [97 Cal.Rptr. 849, 489 P.2d 1113].) █ █ █ █ Under federal law, the filing of a timely class action tolls the statute of limitations for all members of the purported class until a final determination is made regarding the propriety of class certification.[1] (*American Pipe & Construction Co.* v. *Utah* (1974) 414 U.S. 538, 553-554 [38 L.Ed.2d 713, 726, 94 S.Ct. 756].) If

---

[1]Respondent contends we cannot consider the federal tolling doctrine on appeal as it was not raised in the trial court. This argument is without merit. When a demurrer is sustained without leave to amend, the reviewing court may consider any tenable basis for amendment on appeal even though the theory was not presented to the trial court. (*Powers* v. *Ashton* (1975) 45 Cal.App.3d 783, 790 [119 Cal.Rptr. 729].)

class certification is denied,[2] the statute begins to run again on all purported class members not named in the original complaint. (*Id.,* at p. 561 [38 L.Ed.2d at p. 731].) Those individuals must then move to intervene[3] in the surviving individual action within the time remaining on the applicable statute of limitations in order to protect their claims. (*Ibid.*)

We are convinced the federal rule is the best approach to the problems posed by purported class members who seek to intervene following the denial of class action status. The rule provides an equitable solution for both plaintiffs and defendants by employing a functional approach to the statute of limitations. The rule of *American Pipe* recognizes that the filing of a class action complaint notifies the defendant "not only of the substantive claims being brought against [him], but also of the number and generic identities of the potential plaintiffs who may participate in the judgment. Within the period set by the statute of limitations, the defendant[] [has] the essential information necessary to determine both the subject matter and size of the prospective litigation, whether the actual trial is conducted in the form of a class action, as a joint suit, or as a principal suit with additional intervenors." (*Id.,* at p. 555 [38 L.Ed.2d at p. 727], fn. omitted.) Therefore, there is no prejudice to defendants in tolling the statute of limitations pending a final determination as to whether the suit is a proper class action. On the other hand, by requiring class members who are no longer parties to the suit to take action within the limitations period as tolled during the determination of class certification, the rule is consistent with the fundamental policy underlying the enactment of statutes of limitations. The theory being that " 'even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.' [Citation.]" (*Liberty Mut. Ins. Co.* v. *Fales* (1973) 8 Cal.3d 712, 718 [106 Cal.Rptr. 21, 505 P.2d 213].)

■ The filing of the complaint on August 22, 1980, tolled the running of the statute of limitations for all members of the purported class until the

---

[2]In *American Pipe,* class certification was denied on the ground the proposed class was not so numerous that joinder was impracticable. (*American Pipe & Construction Co.* v. *Utah, supra,* 414 U.S. at p. 543 [38 L.Ed.2d at p. 721].) Subsequent decisions have extended the tolling rule to denials of class certification on other grounds, including nonpredominance of common questions. (*McCarthy* v. *Kleindienst* (D.C. Cir. 1977) 562 F.2d 1269 [46 A.L.R.Fed. 852]; see Annot. (1980) 46 A.L.R.Fed. 864.)

[3]Logically, since the statute is tolled, putative class members could file separate actions within the time remaining on the limitations statute in lieu of intervening in the original suit. However, at least one court has refused to apply the tolling doctrine in that manner. (*Stull* v. *Bayard* (2d Cir. 1977) 561 F.2d 429, 433.) Because in this case the additional class members all sought to join in the surviving action, we need not address the propriety of that ruling.

trial court sustained the defendants' demurrer to the class action allegations without leave to amend on May 6, 1983. Accordingly, the trial court erred in denying plaintiffs leave to file their amended complaint.

The judgment is reversed.

Trotter, P. J., and Crosby, J., concurred.