Filed 4/26/18; Certified for Publication 5/14/18 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JORGE FIERRO et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>LANDRY'S RESTAURANT INC.,<br><br>    Defendants and Respondents. | D071904<br><br><br>(Super. Ct. No. 37-2016-00030068-CU-OE-CTL) |

APPEAL from an order of the Superior Court of San Diego County, John S. Meyer, Judge.  Reversed and remanded with instructions.


Righetti Glugoski, Matthew Righetti and John J. Glugoski for Plaintiffs and Appellants.

Law Offices of Mary E. Lynch, Mary E. Lynch; Sheppard, Mullin, Richter & Hampton, Ryan D. McCortney, and Jason M. Guyser for Defendants and Respondents.

Plaintiff Jorge Fierro filed the underlying action against defendant Landry's Restaurant Inc.,[1] seeking remedies for what Fierro alleges to be Landry's' violations of specified California labor laws and wage orders. Fierro asserts claims on behalf of himself and on behalf of a class of individuals that he alleges is similarly situated. Landry's demurred to the complaint on the basis that each of the causes of action was barred by the applicable statute of limitations.

As to Fierro's individual claims, the trial court overruled the demurrer, concluding that the statute of limitations defense did not appear affirmatively on the face of the complaint. As to the class claims, the trial court sustained the demurrer without leave to amend on the basis that a prior class action with identical class claims against Landry's had been dismissed for failure to bring the case to trial in five years as required by Code of Civil Procedure[2] sections 583.310 and 583.360.[3] Under the "death knell" doctrine,

---

[1] The complaint identifies "Landry's Restaurant Inc." as the sole named defendant. The demurrer that resulted in the order on appeal was filed on behalf of defendant "Landry's, Inc. ('Landry's'), formerly known as Landry's Restaurants, Inc." We, too, will refer to the defendant/respondent as "Landry's."

[2] Further unidentified statutory references are the Code of Civil Procedure.

[3] An action "shall be brought to trial within five years after the action is commenced" (§ 583.310); if not, then the court "shall" dismiss the action, either on its own motion or on the motion of the opposing party, after notice to the parties (§ 583.360, subd. (a)).

Fierro appeals from that portion of the order sustaining without leave to amend the demurrer to the class claims.[4]

The trial court erred. As we explain, from the record presented, we do not know the basis of the dismissal of the prior action; and, in any event, because the dismissal of the prior action is not final for purposes of res judicata or collateral estoppel, it cannot form the basis of a defense to the class claims in the present action. As we further explain, because we agree with the trial court that the statute of limitations defense does not appear affirmatively on the face of the complaint, there is no alternative basis on which to affirm the dismissal of the class claims. Accordingly, we will reverse and remand with instructions to enter an order overruling Landry's' demurrer in its entirety.

---

[4]     Generally, the right to appeal in California is governed by the "one final judgment" rule, pursuant to which an appeal may be taken only from a final judgment in the entire action. (*In re Baycol Cases I and II* (2011) 51 Cal.4th 751, 754, 756.) For example, under the one final judgment rule an order in part sustaining a demurrer without leave to amend is not appealable. (*Evans v. Dabney* (1951) 37 Cal.2d 758, 759). However, the death knell doctrine is an exception to the one final judgment rule. (*Baycol*, at p. 757.) It allows an immediate appeal of an order that entirely terminates class claims while allowing individual claims to proceed. (*Id.* at pp. 757, 759.) Because such an order "effectively [rings] the death knell for the class claims," it is essentially "a final judgment on those claims." (*Id.* at p. 757.) Indeed, because a death knell order is immediately appealable, " 'a plaintiff who fails to appeal from one loses forever the right to attack it.' " (*Munoz v. Chipotle Mexican Grill, Inc.* (2015) 238 Cal.App.4th 291, 308.)

I.

FACTUAL AND PROCEDURAL BACKGROUND[5]

In this appeal following the sustaining of a demurrer, we assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice has been taken. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

In the present case, without identifying any specific document, the trial court took judicial notice "of the documents pertaining to the matter known as *Martinez v. Joe's Crab Shack*, L.A. Superior Court Case No. BC377269 [(*Martinez*)]." The appellant's appendix contains a request for judicial notice filed by Fierro in support of his opposition to Landry's' demurrer. Fierro requested that the trial court judicially notice certain documents, each of which pertains to the *Martinez* action. Based on Landry's' trial court briefing and the register of actions provided in appellant's appendix, however, we learned

---

[5] In summarizing the factual and procedural background, both parties failed to support numerous factual assertions with citations, or at times accurate citations, to the record on appeal as required by California Rules of Court, rule 8.204(a)(1)(C). Our independent review of the record on appeal has not helped in finding support for some basic and many extraneous facts contained in the parties' briefs. Absent a party's accurate record reference or our independent verification, we have not considered the party's factual recitation. (*Rybolt v. Riley* (2018) 20 Cal.App.5th 864, 868 [appellate courts may " 'disregard any factual contention not supported by a proper citation to the record' "]; *County of Riverside v. Workers' Compensation Appeals Board* (2017) 10 Cal.App.5th 119, 124 [appellate courts " 'ignore' " factual statements without record references].) An alternative basis that supports the same result is the rule that we are unable to accept counsel's argument on appeal as facts. (See *In re Zeth S.* (2003) 31 Cal.4th 396, 414, fn. 11 ["the unsworn statements of counsel are not evidence"]; *Davenport v. Blue Cross of California* (1997) 52 Cal.App.4th 435, 454 ["unsworn averments in a memorandum of law prepared by counsel do not constitute evidence"].)

that Landry's also filed a request for judicial notice in support of its demurrer—a document not in the record. Accordingly, we ordered the superior court file and, on our own motion, augmented the record to include Landry's request for judicial notice filed November 16, 2016. (Cal. Rules of Court, rule 8.155(c), (a).) Landry's also requested that the trial court judicially notice certain documents which pertain to *Martinez*. (Rule 8.155(c), (a).)

We take judicial notice of the same *Martinez* documents that were judicially noticed by the trial court.[6] (Evid. Code, § 459, subd. (a).)

A.    *The* Martinez *Action*[7]

In September 2007, Roberto Martinez filed the *Martinez* action, seeking to represent a class of salaried managerial employees who worked at Joe's Crab Shack restaurants in California. In three causes of action, Martinez alleged claims for: overtime pay on the basis that class members had been misclassified as exempt employees; and violations of law or regulations related to meal and rest periods and to wage statements. Martinez identified the original defendant as Joe's Crab Shack, Inc., and in a March 2008 amendment substituted Landry's Restaurant, Inc., for Doe 2.

---

[6]    We take judicial notice of *the existence* of the documents, not the truth of the matters asserted therein. (*Lindsey v. Conteh* (2017) 9 Cal.App.5th 1296, 1302, fn. 2.)

[7]    For ease of reading, we will not use specific dates for the various events. Because the dates are potentially outcome-determinative for our analysis of Landry's' statute of limitations argument on appeal, we will include the relevant specific dates in the discussion of tolling at part II.B., *post*.

In an October 2008 first amended complaint, Martinez, individually and on behalf of a class of unnamed members, asserted six causes of action against Joe's Crab Shack, Inc.

In March 2010, the *Martinez* trial court denied without prejudice Martinez's motion for class certification on the ground that Martinez was not an adequate class representative. Martinez did not appeal that order.

On the same day, the court allowed Martinez to file a second amended complaint that named Martinez, Lisa Saldana, and Steven Kauffman as the plaintiffs and class representatives and named Joe's Crab Shack, Inc., as the defendant.

In a November 2010 third amended complaint, the court allowed Craig Eriksen and Chanel Rankin-Stephens to join Martinez, Saldana, and Kauffman as named plaintiffs and class representatives against defendant Joe's Crab Shack, Inc. By the time of the plaintiffs' motion to certify the class in June 2011, Kauffman was no longer a plaintiff, and the defendants included Crab Addison, Inc., Ignite Restaurant Group, Inc., and Landry's Restaurants, Inc.[8]

Martinez, Saldana, Eriksen, and Rankin-Stephens moved to certify a plaintiff class consisting of " '[a]ll persons employed by Defendants in California as a salaried restaurant employee in a Joe's Crab Shack restaurant at any time since September 7, 2003.' " In May 2012, the *Martinez* court denied the motion, ruling that the plaintiffs had

---

[8]     Neither the parties, the appellant's appendix, nor the judicially noticed documents tells us what happened to named plaintiff Kauffman or named defendant Joe's Crab Shack, Inc., or how Crab Addison, Inc., Ignite Restaurant Group, Inc., or Landry's Restaurants, Inc., became defendants.

failed to establish: that their claims were typical of the class; that they could adequately represent the class; that common questions predominated the claims; and that a class action was the superior means of resolving the litigation.

The *Martinez* plaintiffs appealed, and in November 2014 the Court of Appeal reversed the order denying class certification, in a published opinion, *Martinez v. Joe's Crab Shack Holdings* (2014) 231 Cal.App.4th 362. The appellate court directed that, on remand, the trial court reconsider, consistent with specified authority that classwide relief is the preferred method of resolving wage and hour claims, whether class certification in *Martinez* would provide a superior method of resolving the plaintiffs' claims. (*Id.* at p. 384.)

By judgment filed in August 2016, the *Martinez* court dismissed with prejudice all of the claims in the *Martinez* action and awarded costs to the three named defendants. We do not know what, if anything, happened to the class claims in *Martinez* prior to the dismissal.[9] The *Martinez* plaintiffs (Martinez, Saldana, Eriksen, and Rankin-Stephens) appealed from the judgment of dismissal in October 2016. Fierro tells us that this appeal is still pending.

---

[9] Fierro tells us that the "*Martinez* trial court never got to the issue of whether class certification was appropriate"; i.e., "while the parties were preparing for class certification, the *Martinez* trial court dismissed the action for failure to bring the action to trial within five years after commencement pursuant to . . . §§ 583.310[] et seq." Landry's tells us that "[n]o class was ever certified, and the defendants in the *Martinez* action eventually filed a motion to dismiss the case on the grounds that the action was not brought to trial within five years after commencement." The parties have not provided record references for these statements, and our independent review of the record has not confirmed these statements; thus, we do not consider them. (See fn. 5, *ante*.)

7

B.    *Fierro's Present Action*

Within days of the dismissal of *Martinez*, Fierro filed the present action on August 29, 2016.  Fierro asserts individual and class claims based on the underlying allegation that Landry's "improperly and illegally mis[]classified" Fierro and the members of the class "as 'exempt' managerial/executive employees when, in fact, they were 'non-exempt' non-managerial employees according to California law."  According to Fierro, under theories alleged in five causes of action, this misclassification entitles him and the class he seeks to represent to recover unpaid wages and penalties.  Fierro defines the alleged class as:  "All California based salaried restaurant employees 1) who worked at any time from September 7, 2003 until the date of class certification at any of the restaurants in the State of California owned, operated and/or acquired by defendants."  (*Sic.*)

Fierro alleges that he worked for Landry's as a salaried restaurant employee "within four years prior to the filing of" the *Martinez* action.[10]  As particularly relevant to the issues presented to the trial court and briefed by the parties on appeal, Fierro affirmatively alleges in the complaint:

> "The filing of [the *Martinez* action] on September 7, 2007[,] has
> tolled the statute of limitations as to [Fierro] *and the class he seeks*

---

10    Landry's tells us that Fierro "concedes within his Complaint that he did not work after September 7, 2007," citing page 6.  Page 6 of Fierro's complaint contains no such allegation; Fierro alleges only that he "worked in defendants' Landry's Restaurants, Inc. restaurants in California as [a] salaried restaurant employee[ ] within four years prior to the filing" of the *Martinez* complaint on September 7, 2007.  (Some capitalization omitted.)  Accordingly, we do not consider Landry's unsupported statement.  (See fn. 5, *ante*.)

8

*to represent.*  The class period covered by this Complaint based on the tolling of the statute by [*Martinez*] is September 7, 2003[,] to the present."  (Italics added.)

Landry's describes the present action as Fierro's attempt "to revive the same class claims from *Martinez* covering the exact same class period."

Disagreeing with Fierro's allegation regarding the tolling of the applicable statutes of limitations, Landry's demurred to each cause of action in Fierro's complaint on the basis that each "is barred by the statute of limitations."[11]  In support, Landry's presented two arguments as to the class claims, both of which it repeats on appeal.

First, Landry's acknowledges that the filing of a class action tolls the running of the applicable statutes of limitations as to the *individual claims of all putative class members* until class certification is denied—after which time all unnamed class members may either seek to intervene in the surviving individual case or file a new action.  Our Supreme Court has summarized this tolling principle as follows:  "[U]nder limited circumstances, if class certification is denied, the statute of limitations is tolled from the time of commencement of the suit to the time of denial of certification for all purported members of the class who either make timely motions to intervene in the surviving individual action ([*American Pipe & Construction Co. v. Utah* (1974) 414 U.S. 538,] 552-553 [(*American Pipe*)]), or who timely file their individual actions (*Crown, Cork &*

---

11      Landry's tells us that the statutes of limitations on Fierro's claims are one, three, or four years, depending on the specific claim.  Fierro does not argue otherwise.  Accordingly, we accept for purposes of this appeal, without deciding, that the applicable statutes of limitations for the class claims in Fierro's complaint are between one and four years.

9

*Seal Co. v. Parker* (1983) 462 U.S. 345, 350)." (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1119 (*Jolly*).) California courts apply this doctrine, often referring to it as "*American Pipe* tolling." (See, e.g., *Falk v. Children's Hospital Los Angeles* (2015) 237 Cal.App.4th 1454 (*Falk*); *Bangert v. Narmco Materials, Inc.* (1984) 163 Cal.App.3d 207.) Landry's position on appeal is that, upon a proper application of *American Pipe* tolling, only the statutes of limitations on Fierro's individual claims can be tolled; in particular, the statutes of limitations on Fierro's *class claims* have run and the *class claims* are time-barred.

Second, according to Landry's, regardless of the application of *American Pipe* tolling, the *class* claims fail for another reason. Landry's argues that, because the *Martinez* action—including the class claims—was dismissed for failure to bring the action to trial within five years under section 538.310 et seq., the class claims cannot be resurrected in a new action. Landry's contends that *American Pipe* tolling is an equitable doctrine that does not affect the express statutory language which makes a dismissal under section 538.360 "mandatory and . . . not subject to extension, excuse, or exception except as expressly provided by statute," upon the requisite showing. (§ 538.360, subd. (b).)

Following an opposition by Fierro, a reply by Landry's, and oral argument, the superior court overruled the demurrer as to Fierro's individual claims and sustained the demurrer without leave to amend as to Fierro's class claims. After applying *American Pipe* tolling, the court determined that Landry's did not establish as a matter of law that

the pertinent statutes of limitations barred any of Fierro's claims.[12] On this basis, the court overruled Landry's' demurrer as to Fierro's *individual* claims. With regard to Fierro's *class* claims, however, the court ruled that, regardless whether *American Pipe* tolling might apply to preclude the running of the statutes of limitations, the *Martinez* court's section 583.360 dismissal for failure to prosecute was a "determination that [the] class action is now barred" and "there is no authority to revive the dismissed class claims in [this] subsequent lawsuit."

Fierro timely appealed from the February 3, 2017 order overruling the demurrer as to Fierro's individual claims and sustaining the demurrer without leave to amend as to Fierro's class claims. Under the death knell doctrine, we have jurisdiction to review that portion of the order sustaining the demurrer as to the class claims. (See fn. 4, *ante*.)

II.

DISCUSSION

The sole issue on appeal is whether the trial court erred in sustaining without leave to amend the *class* claims in the complaint.

"In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory." (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.) On appeal, we review the trial court's ruling, not the reasons stated for the ruling.

---

[12] The court expressly limited its ruling on the statute of limitations defense to its order on Landry's' demurrer; i.e., the ruling is not a final determination on the merits of the defense.

11

(*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980-981 (*Rappleyea*) [even where trial court's legal reasoning is erroneous, the ruling will be affirmed if it can be supported by any legal theory]; *Davey v. Southern Pacific Co.* (1897) 116 Cal. 325, 329-330 [same].) The rationale for this consideration is that there can be no prejudice from an error in logic or reasoning if the decision itself is correct. (*Mike Davidov Co. v. Issod* (2000) 78 Cal.App.4th 597, 610.)

As we explain, the trial court erred in applying the section 583.360 dismissal of the *Martinez* action as a bar to Fierro's class claims. As we further explain, on the present record, Landry's did not establish as a matter of law that the applicable statutes of limitation barred Fierro's class claims.

A.    *The Dismissal of the* Martinez *Action Is Not a Basis on Which to Have Dismissed the Class Claims in the Present Action*

The trial court ruled that, because the *Martinez* court dismissed the same class claims as Fierro alleges in the present action pursuant to section 583.360 (for failure to have brought the action to trial within five years, in violation of § 583.310), the class claims in the present action are barred. As proffered by Landry's and accepted by the trial court, the reasoning behind such a ruling is that the equitable principles associated with the application of *American Pipe* tolling cannot revive claims that were dismissed under a statute that does not allow for exceptions unless "expressly provided *by statute*." (§ 583.360, subd. (b), italics added ["The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."].)

12

Neither the facts nor the law supports the trial court's ruling.

Factually, the record does not suggest—let alone establish by properly pleaded factual allegations or matters of which judicial notice has been taken—that the *Martinez* action was dismissed under section 583.360. In the trial court and on appeal, both Landry's and Fierro state that the failure to prosecute was the basis of the dismissal in *Martinez*. However, in support of this statement on appeal, both Landry's and Fierro cite exclusively to the *Martinez* judgment which provides only that the claims were "dismissed with prejudice"; there is no mention of the basis of the dismissal.[13] Thus, because the record does not contain substantial evidence to support a finding that the *Martinez* action was dismissed under section 583.360 for failure to prosecute, the trial court erred in sustaining the demurrer on this basis.

That said, Fierro, Landry's, and the trial court all have proceeded with the understanding that the *Martinez* action was dismissed under section 583.360 for failure to have brought the action to trial within five years. Even if we assume that the record supports that factual understanding, the result is no different as a matter of law for at least two independent reasons.

---

[13]     In full, the *Martinez* judgment provides: "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the claims in this action of Plaintiffs Roberto Martinez, Lisa Saldana, Craig Eriksen and Chanel Rankin-Stephens, and each of them, are dismissed with prejudice, and that Plaintiffs shall take nothing by their complaint. [¶] Defendants Crab Addison, Inc. (erroneously identified as 'Joe's Crab Shack'), Ignite Restaurant Group, Inc. (formerly known as 'Joe's Crab Shack Holdings, Inc.'), and Landry's Restaurants, Inc are awarded costs against Plaintiffs costs of $_____." (*Sic.*)

First, a "judgment dismissing the prior action for want of prosecution is not one upon the merits [citations] and it does not bar a subsequent action upon the same cause." (*Lord v. Garland* (1946) 27 Cal.2d 840, 850 (*Lord*).) That is because "under California law, a dismissal for failure to prosecute is not a final judgment on the merits." (*Hardy v. America's Best Home Loans* (2014) 232 Cal.App.4th 795, 803 (*Hardy*).[14]) More to the point, a judgment of dismissal based on the failure to prosecute is not a final judgment *for purposes of res judicata or collateral estoppel*. (*Hardy*, at p. 803; accord, fn. 14, *ante*.) Here, because we are proceeding under the assumption that the *Martinez* judgment of dismissal was based on a failure to prosecute, the judgment does not bar Fierro's class claims.

Second, "a judgment that is on appeal is not final for purposes of applying the doctrines of [res judicata and collateral estoppel]." (*Boblitt v. Boblitt* (2010) 190 Cal.App.4th 603, 606 (*Boblitt*).) Here, because the *Martinez* judgment was on appeal at the time the court in the present action sustained Landry's' demurrer to the class claims, the judgment did not bar Fierro's claims.

_____

14     In support of this ruling, *Hardy* cited *Lord, supra,* 27 Cal.2d at p. 850 and "*Gonsalves v. Bank of America* (1940) 16 Cal.2d 169, 172-173 ['it is a fundamental rule that a judgment is not *res judicata* unless it is on the merits, and a dismissal for delay in prosecution is not']; *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 215, fn. 33 ['The very definition of res judicata contemplates a judgment on the merits, and dismissals for lack of prosecution under [Code Civ. Proc., § 583.310] are not on the merits.']; *Ashworth v. Memorial Hospital* (1988) 206 Cal.App.3d 1046, 1053 [same]; *Mattern v. Carberry* (1960) 186 Cal.App.2d 570, 572 [same].)" (*Hardy, supra,* 232 Cal.App.4th at p. 803.)

For the foregoing reasons, the trial court erred in ruling that, based on the dismissal of the *Martinez* action, section 583.310 et seq. bar the class claims in the present action.[15]

B.    *Application of* American Pipe *Tolling Is Not a Basis on Which to Dismiss the Class Claims in the Present Action*

Because we review the ruling of the trial court, not the reasons therefor (*Rappleyea, supra*, 8 Cal.4th at pp. 980-981), we next consider Landry's' argument on appeal that, upon proper application of *American Pipe* tolling, the pertinent statutes of limitation bar Fierro's class claims.

In the complaint, Fierro alleges that the filing of the *Martinez* action on September 7, 2007, "has tolled the statute of limitations as to [Fierro] and the class he seeks to represent.  The class period covered by this Complaint based on the tolling of the statute by [*Martinez*] is September 7, 2003[,] to the present."  Without tolling, according to Landry's, the applicable statutes of limitation bar each of the class claims Fierro alleges in his complaint.

Before we determine whether application of the *American Pipe* tolling doctrine saves the class claims, we summarize the relevant events and the specific dates on which they occurred, as follows:

_____

15    In an argument related to whether the *Martinez* judgment barred Fierro's class claims, Fierro suggests that if the judgment had such a preclusive effect, he would be denied due process on the basis that he has "the right . . . to bring a class action under California law."  The authority Fierro cites does not support his suggestion, and given our rulings in the text, *ante*, we need not and do not decide whether Fierro had a due process right to bring a class action.

15

- September 7, 2007—Martinez files the *Martinez* action;

- March 12, 2010—the *Martinez* trial court denies without prejudice Martinez's motion to certify the plaintiff class on the basis that he is not an adequate class representative;

- March 12, 2010—Martinez files a second amended complaint adding two new plaintiff class representatives, Saldana and Kauffman;[16]

- November 23, 2010—Martinez, Saldana, and Kauffman file a third amended complaint adding two named plaintiff class representatives, Eriksen and Rankel-Stephens;[17]

- May 23, 2012—the *Martinez* court denies the plaintiffs' motion to certify the class;

- July 13, 2012—the *Martinez* plaintiffs appeal from the order denying their motion to certify the class;

- November 10, 2014—the Court of Appeal reverses the order denying class certification and directs the *Martinez* court to reconsider whether to certify the class under a different standard;

- August 24, 2016—the *Martinez* court enters a judgment dismissing the action with prejudice; and

---

[16]   Since the first and second amended complaints contain the same causes of action, a reasonable inference is that Martinez added the two additional plaintiffs in an effort to proffer an adequate class representative.

[17]   Since the second and third amended complaints contain the same causes of action, a reasonable inference is that Martinez, Saldana, and Kauffman added the two plaintiffs in an effort to proffer an adequate class representative.

16

- August 29, 2016—Fierro files the present action

We have assumed that the applicable statutes of limitations for the claims in Fierro's complaint are between one and four years. (See fn. 10, *ante*.)

Landry's argument on appeal is straightforward: Once the *Martinez* court denied Martinez's *initial* motion to certify the plaintiff class in *March 2010*, the statutes of limitations on Fierro's class claims began to run; and Fierro did not file the present action until *August 2016*, more than four years later.[18] Landry's relies on the following language from *Jolly, supra,* 44 Cal.4th 1103: "[U]nder limited circumstances, if class certification is denied, the statute of limitations is tolled from the time of commencement of the suit *to the time of denial of certification* for all purported members of the class . . . ." (*Id.* at p. 1119, italics added.) In particular, Landry's contends that *American Pipe* tolling is not extended either by an appeal from an order denying class certification or by the filing of an amended complaint following an order denying class certification. We disagree.

Two policy considerations underlie whether *American Pipe* tolling will apply. (*Jolly, supra,* 44 Cal.4th at pp. 1121-1122; *Falk, supra,* 237 Cal.App.4th at p. 1466.) They are: (1) whether, after the denial of class certification, the failure to protect

---

[18] Alternatively, Landry's argues that, even if the statutes of limitations on the class claims did not commence until the court denied Martinez's *second* motion to certify the plaintiff class in *May 2012*, the result is the same. Since we will conclude that, on the present record, the statutes of limitations were tolled at all times after the first denial of class certification in March 2010 and before the dismissal of the *Martinez* action in August 2016, the statutes of limitation were necessarily tolled also after the second denial of class certification in May 2012 and before the dismissal of the *Martinez* action in August 2016.

unnamed class members from a statute of limitations defense might induce the potential class members to intervene or to file their own actions, thereby reducing the efficiency and economy of litigation intended under the class action procedure; and (2) whether, prior to the running of the applicable statute of limitations, the initial class action gives the defendant general notice of the claims and the number of potential plaintiffs. (*Jolly*, at p. 1121; *Falk*, at p. 1466.) If there is a sufficient showing that the application of *American Pipe* tolling would both protect the efficiency and economy of the litigation under the class action procedure and protect the defendant from unfair claims, then "the purposes of the statute of limitations would not be violated by a decision to toll." (*Jolly*, at p. 1121, citing *American Pipe, supra,* 414 U.S. at pp. 554-555.)

We must consider these potentially conflicting policies—i.e., protecting the overall efficiency and economy of litigation, on the one hand, and protecting the defendant from unfair (even if arguably tardy) claims, on the other hand—in the context of the procedures involved. Here, we are concerned with the effect of an appeal and the effect of an amended complaint on the amount of time that will be tolled.

Citing federal authorities, Landry's argues that *American Pipe* tolling ends upon the trial court's *initial* denial of class certification; i.e., tolling does not continue during the pendency of an appeal from the order denying certification. (See, e.g., *Giovanniello v. ALM Media, LLC* (2d Cir. 2013) 726 F.3d 106, 117 [" '[a]fter a district court's determination of whether an action may be maintained as a class action, the class is no longer putative: having been subjected to a legal decision, the class is either extant or not' "].)

18

Critically, in federal court, the trial court's denial of class certification is an interlocutory order, not reviewable as of right until after the entry of final judgment. (See *Coopers & Lybrand v. Livesay* (1978) 437 U.S. 463, 476-477.) In contrast, in California state court, the death knell doctrine allows an immediate appeal of the trial court's denial of class certification (or the trial court's dismissal of class claims). (See fn. 4, *ante*.)

The two court systems also treat an order denying class certification differently for purposes of the bar associated with res judicata or collateral estoppel. In federal court, "a judgment or order, once rendered, is final for purposes of res judicata until reversed on appeal or modified or set aside in the court of rendition." (*Martin v. Martin* (1970) 2 Cal.3d 752, 761.) In contrast, in California, while an appeal is pending (or the time to appeal has not yet expired), a judgment or order is not final for purposes of res judicata or collateral estoppel. (*Pellissier v. Title Guarantee & Trust Co.* (1929) 208 Cal. 172, 184; *Boblitt, supra,* 190 Cal.App.4th at p. 606.)

The point of these distinctions is to emphasize that the federal cases on which Landry's relies are based on federal procedure that is contrary to California law.[19] Accordingly, the policies that we are to consider in deciding whether to apply *American Pipe* tolling to this case lead to different results under federal and California law.

[19] We are aware of our Supreme Court's directive that, in the absence of controlling state authority, we should look to the federal courts' application of class action law under rule 23 of the Federal Rules of Civil Procedure (28 U.S.C.) "to ensure fairness in the resolution of class action suits." (*Jolly, supra,* 44 Cal.3d at p. 1118.) However, where, as here, the federal courts' application of class action law is based on federal procedures that are entirely different from—indeed, directly inconsistent with—California procedures that ensure fairness, we are under no obligation to apply the federal authorities. (*Id.* at p. 1119 ["we are not bound by the United States Supreme Court decisions"].)

19

In the federal system, because there can be no appellate review of an order denying class certification until after entry of a final judgment in the class action, there can be years of delay—including potentially a trial on the merits of the individual claims—before the parties have the benefit of appellate review of the denial of class certification. Under such a procedure, the policy of protecting the efficiency and economy of litigation is not furthered by the continuation of tolling—first, pending resolution of the remaining claims in the trial court and, then, pending review and disposition in the appellate court.

In contrast, in our state system, the death knell doctrine allows the parties the benefit of immediate appellate review of an order denying class certification. This procedure advances the efficiency and economy of class action litigation. Stated differently, neither efficiency nor economy will result if, upon the denial of class certification, an unnamed class member is required either to seek intervention in the individual action that remains in the trial court or to file a new action *while an immediate appeal of the order denying class certification is pending*. Thus, in both the state and federal systems, once the trial court denies certification, the putative class member is on notice that he or she must take action to protect his or her rights; however, in the state system, there is a right to immediate review of that decision, and to deny *American Pipe* tolling under such circumstances is to encourage a multiplicity of actions—i.e., to encourage inefficiency and expense—before the order denying class certification is final.

The differences between the two court systems, which directly affect the efficiency and economy of litigation, are further illustrated by the fact that federal courts

"frequently allow successive class certification motions where a previous motion is denied . . . because courts have 'broad discretion' in revisiting class certification before final judgment."  (*Santomenno v. Transamerica Life Ins. Co.* (C.D. Cal. 2016) 316 F.R.D. 295, 302, vacated on other grounds (9th Cir. 2018) 883 F.3d 833; see *Armstrong v. Davis* (9th Cir. 2001) 275 F.3d 849, 867, abrogated on other grounds by *Johnson v. California* (2005) 543 U.S. 499).  In contrast, in California, *because* the denial of a class certification motion is appealable, successive motions for class certification are not allowed.  (*Safaie v. Jacuzzi Whirlpool Bath, Inc.* (2011) 192 Cal.App.4th 1160, 1170-1171.)

With regard to the second policy (of protecting the defendant from unfair claims), the defendant receives the notice of the claims and potential plaintiffs at the same time in both court systems—namely, when the defendant receives a copy of the class action complaint.  Thus, since *American Pipe* tolling is authorized (in both federal and state courts) in certain circumstances, the determination has already been made that this policy consideration is satisfied.  Extending the amount of time the class claims are tolled in the event of an appeal does not significantly affect this consideration.

Accordingly, for purposes of deciding when time is subject to *American Pipe* tolling, we conclude that, under California law, *American Pipe* tolling applies to the dismissed class claims during the pendency of an appeal from an order sustaining without leave to amend a demurrer to the class claims in a complaint.

Likewise, under the specific facts of this case—namely, where the trial court denied a motion to certify a plaintiff class on the basis that the named plaintiff was not an

21

adequate class representative and, instead of appealing the order, the named plaintiff amended the complaint in an effort to provide an adequate class representative—*American Pipe* tolling recommences upon the filing of the amended complaint.[20] Under *La Sala v. American Sav. & Loan Assn.* (1971) 5 Cal.3d 864, if the trial court finds the named plaintiffs to be inadequate class representatives, the court "should at least afford plaintiffs the opportunity to amend their complaint . . . to add new individual plaintiffs . . . in order to establish a suitable representative." (*Id.* at p. 872.) Unless *American Pipe* tolling applies upon the filing of an amended complaint in which new class representatives are presented, once the court rules that that the originally named plaintiff is not an adequate class representative, the plaintiff will have no incentive to attempt to efficiently and economically replace the inadequate representative. Instead, the inadequate plaintiff class representative would be forced to appeal or to abandon the class claims.

Finally, based on the foregoing legal rulings, we will apply *American Pipe* tolling to the class claims in the present case. The only time during which the class claims were *not* tolled is between August 24, 2016 (dismissal of the *Martinez* action), and August 29, 2016 (filing of the present action).[21] Needless to say, during those three days, none of

---

[20]	In the present action, the trial court made a similar ruling, expressly commenting that neither party had addressed tolling under such circumstances. Notably, Landry's does not address this issue on appeal either.

[21]	For purposes of applying *American Pipe* tolling to Fierro's *individual* claims, the trial court ruled that there was no tolling between March 12, 2010 (the date on which the *Martinez* court denied class certification motion under the first amended complaint *and*

22

the one- to four-year statutes of limitation ran on the class claims.  Our application of

*American Pipe* tolling is based on and necessarily limited to the record on appeal and the

standard of review of an order sustaining a demurrer without leave to amend.

---

the *Martinez* plaintiffs filed the second amended complaint), and November 23, 2010 (the
date on which the *Martinez* plaintiffs filed their third amended complaint).  Reviewing
the trial court's order, we believe the court considered March 12, 2010, only as the date
on which class certification was denied—mistakenly failing to consider that, on the same
date, Martinez *and two additional named plaintiffs* filed a second amended complaint.
Since the court ruled that the filing of the third amended complaint (Nov. 23, 2010),
which added *another two named plaintiffs*, recommended tolling following the denial of
class certification, there would be no reason that the filing of the second amended
complaint after denial of class certification (*both* occurring on Mar. 12, 2010) did not
trigger further tolling.

The trial court also ruled that there was no tolling between May 23, 2012 (the date
on which the court denied class certification under the third amended complaint), and
July 13, 2012 (the date on which plaintiff appealed from the denial of the class
certification order).  We disagree.  Since we have concluded that *American Pipe* tolling
applies *during* the appeal from the denial of the class certification order, there is no
reason for statutes of limitation to run—i.e., no reason not to toll the statutes—during the
time in which an aggrieved plaintiff may appeal from such an order.  Otherwise, to
preserve a putative class member's individual claim, that person will have to either seek
to intervene or file a new action, only to have the statutes of limitation tolled in the event
the named plaintiff appeals from the denial of the certification order.

23

## DISPOSITION

That portion of the trial court's order sustaining Landry's' demurrer without leave to amend as to Fierro's class claims is reversed, and on remand the court is instructed to enter an order overruling that portion of Landry's' demurrer directed to the class claims. Fierro is awarded costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)


IRION, J.

WE CONCUR:



HUFFMAN, Acting P. J.



HALLER, J.

24

Filed 5/14/18

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JORGE FIERRO et al.,<br><br>　　Plaintiffs and Appellants,<br><br>　　v.<br><br>LANDRY'S RESTAURANT INC.,<br><br>　　Defendants and Respondents. | D071904<br><br><br><br>(Super. Ct. No. 37-2016-00030068-CU-OE-CTL)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION |

THE COURT:

　　The opinion in this case filed April 26, 2018 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to California Rules of Court, rule 8.1120(a), for publication is GRANTED.

　　IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

　　ORDERED that the words "Not to Be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

HUFFMAN, Acting P. J.

Copies to: All parties